SMITH v. TEW.

(December 4, 1900.)

*Adverse Possession—Color of Title—Partition—Ejectment.*

The record of partition proceedings is color of title, and seven
years' possession thereunder will give good title.

CIVIL ACTION by W. J. Smith, J. L. Smith, M. L. Wil-
liams, T. A. McNeill and wife, Caroline E., Mary G. Mc-
Neill, and Alice C. McNeill, by their next friend, Thomas
A. McNeill, against L. J. Tew and A. C. Tew, heard by
Judge *E. W. Timberlake* and a jury, at November Term,
1899, of CUMBERLAND Superior Court. From a judgment
for plaintiffs, defendants appealed.

*Geo. M. Rose,* for plaintiffs.
*N. A. Sinclair* and *W. A. Stewart,* for defendants.

FAIRCLOTH, C. J. This is an action of ejectment. The
plaintiffs claim under a grant from the State to Neill Purcell,
in 1771, and *mesne* conveyances. In a deed from Draughan
to W. T. Smith two lines were omitted, as plaintiffs claim,
by mistake. They introduced a surveyor, who testified that
in running this deed, "there were along the lines marks on
all the lines of the Purcell 200 acres, corresponding to the
age of the grant, and that, in his opinion, as an expert, the
200 acres were correctly located, leading to a well-known
corner, * * * and that the proper location of this deed
was as claimed by the plaintiffs, and the calls would cover
the land in dispute." Another witness gave similar evi-
dence. The defendants excepted to the foregoing evidence.
The defendants introduced a grant from the State, in 1897,
for twenty-eight acres included in the Purcell grant, accord-
ing to the marked trees and corners referred to by the sur-

veyor, and not included by the course and distance expressed in the deed.

We are relieved from remarking on the above matters by another view presented by the record. In 1866 the heirs, and those claiming under them, of W. T. Smith, who claimed under the Purcell grant, had partition of said Smith land, and the lands were divided, and the report of the commissioners was confirmed by the Court and recorded. In that proceeding one lot was allotted to Julia Williams, and it covers the land now in dispute. J. L. Smith, for the plaintiffs, testified: "It (the lot) fell to my sister, Julia Williams, in the division of my father's estate. She had turpentine boxes cut on part of it, and worked it, and cut waste timber on it from the time it fell to her to within four or five years. Part of it is in round pine now. Work was done on the plantation in dispute. It was in her possession, and those who claim under her, continuously for all this time, and taxes were regularly paid on it." His Honor instructed the jury that, if they believed the evidence, they ought to answer the first issue, "Yes." The defendants excepted to the admission of the partition proceeding as evidence, on the ground that plaintiffs had shown no title to the land, and that "such attempted division does not create a color of title in plaintiffs, and especially when plaintiffs have shown no possession or acts of ownership over the same." His Honor was of opinion that the partition record was color of title, and submitted the evidence to the jury to find the facts. The question was directly decided in *Bynum v. Thompson,* 25 N. C., 578, where the Court held that possession under partition proceeding was taken under a permanent, written, and recorded muniment of title, and constitutes color of title, as much as if the parties had made deeds to each one severally for his share. The plaintiff's possession, then, for more than

thirty years, is a perpetual bar against the entry of all persons (Code, sec. 141), subject to secs. 148-150, Code.    There were verdict and judgment for the plaintiffs.    No error.

Affirmed.