## BARDEN v. STICKNEY.

(Filed March 4, 1902.)

1. APPEAL—*Record—Notice—The Code, Sec. 550.*

   That an appeal is not entered on record is immaterial where the the fact of appeal is not denied and notice is served.

2. WARRANTY—*Covenants— Implied    Warranty — Foreclosure of Mortgages—Vendor and Purchaser.*

   Where a foreclosure sale passes no title to purchaser, the purchaser can not maintain an action against the mortgagee on an implied warranty of title.

ACTION by Maggie S. Barden against J. B. Stickney, heard by Judge *Walter H. Neal,* at October Term, 1901, of the Superior Court of WASHINGTON County. From a judgment for the plaintiff, the defendant appealed.

*A. O. Gaylord,* for the plaintiff.
*H. G. Connor & Son,* and *H. S. Ward,* for the defendant.

CLARK, J. This case was submitted to the Judge upon a case agreed, and by consent he was to render his judgment out of term, and the losing party should have ten days thereafter in which to appeal, and notice of appeal was waived. Upon receipt of notice of the judgment, and two days before the judgment was filed in the Clerk's office, the appellant gave written notice of appeal, service of which was accepted

by the appellee, as appears from the transcript of such notice and acceptance in the record. The appellant filed a justified appeal bond, and has in all other respects perfected his appeal and sent up a complete transcript. The appellee moves to dismiss the appeal because entry thereof does not appear to have been entered on the record by the Clerk.

The requirement that the appeal should be entered on the record is to furnish indisputable proof of the fact, and is immaterial when the fact of the appeal having been taken is not denied, and notice of appeal has, in fact, been served in time, or waived. In *Simmons v. Allison,* 119 N. C., at page 563, it is said: "If the notice of appeal is admitted, or shown to have been given in time, it would avail nothing that the *entry* was not made at all, for it is only made as record proof. *Fore v. Railroad,* 101 N.C., 526; *Atkinson v. Railroad,* 113 N. C., 581." In the last-cited case, it is said (at page 588) : "Strictly and properly the record should show that the appeal was duly entered, but that is not imperative, if it appears, as here, affirmatively, that the appeal in fact was taken and notice waived. *Fore v. Railroad,* 101 N. C., 526." The motion to dismiss the appeal must be denied.

It appears from the complaint that the defendant sold, after due advertisement, certain real estate on 30th January, 1888, by virtue of a mortgage executed to him by a married woman to secure her husband's debt, that at said sale the property was bid off by one Ayers, who paid the purchase-money, it is alleged, with the money of plaintiff, and that subsequently said Ayers conveyed said realty to her. Subsequently it was held that no title passed by said sale, because the surety had been released by reason of an extension of time, which had been granted by the mortgagee to the principal debtor. *Fleming v. Barden,* 126 N. C., 450, 78 Am. St. Rep., 671, 53 L. R. A., 316, and S. C., 127 N. C., 214. The defendant in that case having lost the realty, now brings

this action against Stickney, the mortgagee, alleging that his advertising the land, making sale, and receipt of the purchase-money, were an implied warranty of title. There is no allegation of fraud or fraudulent representation, and there is nothing in the facts agreed tending to show that Stickney did not act in entire good faith. The very nature of the transaction forbids any recovery of money as having been paid to the plaintiff's use and on the ground of implied warranty it is well settled that there is no implied warranty of title in the sale of real estate. *Zimmerman v. Lynch,* at this term, and cases cited. There was no covenant of warranty, either of quiet possession or of seizin, in the defendant's deed to Ayers, and there being no allegation of fraud or concealment by him, the action can not be maintained. *Huntley v. Woodall,* 34 N. C., 32. The defendant's motion to dismiss the action because the complaint does not state a cause of action is allowed. The other defenses set up by the defendant it is therefore unnecessary for us to consider.

Action Dismissed.