PEACOCK v. BARNES.

(Filed October 3, 1905).

*Judicial Sales—Shortage in Acres—Correction of Mistake— Warranty.*

1.  Where a complaint alleges that the plaintiff, at a sale by a commissioner to make assets, purchased at a certain price per acre, a tract of land, the commissioner representing that said land contained 416 acres, and bids being asked for at so much per acre, and paid for 416 acres, and subsequently ascertained that the tract contained only 320 acres, *held,* that a cause of action is set up, in seeking to correct an overpayment by reason of an error in calculating the amount due, when there is no *laches* shown as to the purchaser and no change of condition by reason of which correction would work a prejudice to those for whose interest the land was sold.

2.  There is no implied warranty in the sale of real estate when made otherwise than by judicial decree, either as to quantity, title, or encumbrance, and the cases in which the courts have relieved the purchaser at a judicial sale by reason of a defect of title or shortage, have been usually instances in which such matters have been called to the attention of the court prior to confirmation and payment, and while the sale was under the control of the court.

ACTION by J. W. Peacock against Ida Barnes and others, heard by *Judge W. B. Councill* upon the pleadings at the February Term, 1905, of the Superior Court of WILSON County. From a judgment overruling the demurrer, the defendants appealed.

PEACOCK v. BARNES.

*F. A. Woodard* and *Pou & Finch* for the plaintiff.
*Connor & Connor* for the defendants.

CLARK, C. J.   Certain lands of Harris Winstead, deceased, were sold to make assets to pay debts by a commissioner appointed by the court in that proceeding.   The net proceeds were applied to the discharge of sundry mortgages upon the land and the surplus was divided between his heirs at law—two daughters—and was invested in real estate. Other real estate of said Winstead was duly partitioned between his said daughters and devisees.   At the sale of the land by the commissioner aforesaid to make assets, lot No. 5 was purchased by the plaintiff at the price of $11.10 per acre, the commissioner representing that said lot contained 416 acres and bids being asked for said land at so much per acre.   The plaintiff Peacock paid for said tract the sum of $4,616.60 being the price, calculating 416 acres at $11.10 per acre.   Subsequently he ascertained that the tract in truth contained only 320 acres, making a deficiency of 96 acres by reason of which at $11.10 per acre he had overpaid $1,065.60. For the recovery of this sum with interest thereon, this action is brought and plaintiff asks that he be subrogated to the rights of the creditors, whose debts were discharged to the extent of said $1,060.60, and that the land bought with the surplus of the proceeds from said sale, and the other realty of said Winstead in the hands of his devisees, be sold by a commissioner that he may be reimbursed the aforesaid sum overpaid by him in the purchase of lot No. 5.

The defendant demurs on the ground that no cause of action was stated because the complaint does not aver that the number of acres was falsely or fraudulently misrepresented by the defendants or the commissioner, nor that either of them knew that the number of acres in lot No. 5 (whose boundaries were correctly given in the complaint in the proceedings to sell the land) was intentionally stated incorrectly

in the complaint, nor that there was an intent to deceive, nor is it averred that Peacock exercised due care to ascertain the number of acres before making such purchase and payment, nor is it alleged that any of the defendants were in possession of any information as to the number of acres, which was not communicated to the plaintiff.

The demurrer was properly overruled. This is not an action for breach of warranty, nor for fraud and deceit in the sale of land by the commissioner. In such action the complaint would be fatally defective for failure to make the averments whose lack is pointed out by the demurrer. It is also true that there is no implied warranty in the sale of real estate when made otherwise than by judicial decree, either as to quantity, title or incumbrance, *Barden v. Stickney*, 130 N. C., 62, and that the cases in which the courts have relieved the purchaser at a judicial sale by reason of a defect of title or shortage have been usually instances in which such matters have been called to the attention of the court, prior to confirmation and payment and while the sale was under the control of the court. Here, if the purchaser is shown to have been negligent or guilty of *laches* in not sooner ascertaining the shortage, or in failing to act promptly upon ascertaining such fact, he would have no standing in a court of equity. But upon the plaintiff's averments admitted by the demurrer, the purchaser relied upon the representations of the commissioner appointed by the court. The bid made and accepted was $11.10 per acre. That fact both sides understood. That was the essence of the contract of sale. It was a mutual mistake, so far as appears, that in calculating the amount of the bid, the purchaser was charged and paid for 96 acres more than he had purchased. It is still in the power of the court to correct the error and the defendants will suffer no prejudice therefrom.

When the case goes back, it will be open to the defendants to deny the shortage, or set up *laches* of the plaintiff or any

other defense they may be advised. We do no more than to hold that a cause of action is set up by the complaint, in seeking to correct an overpayment by reason of an error in calculating the amount due for land bought at a judicial sale at which the land was put up and sold by the acre, when there is no *laches* shown or averred as to the purchaser, and no change of condition or other cause by reason of which correction of the error by the court would work a prejudice to those for whose interest the land was sold.

No Error.

CONNOR, J., did not sit on the hearing of this appeal