MATTIE LANIER et al. v. J. D. HEILIG.

(Filed 9 December, 1908).

1. **Judgments, Proceedings to Set Aside—Irregularities—Motion in the Cause.**

     Proceedings to set aside for alleged irregularities the final judgment of a Court having jurisdiction of the parties and sub-ject matter, should be by motion in the original cause and not by an independent action.

2. **Same—Lack of Parties—Equities.**

     A final judgment of a Court having jurisdiction of the parties and subject matter will not be set aside for irregularities, when it appears that all of the parties in interest are not before the Court so that the equities may be administered and full and complete justice done.

ACTION tried before *Moore, J.,* and a jury, May Term, 1907, of ROWAN.

The facts material to a decision of this appeal, as disclosed by the pleadings and the verdict, are: Jas. B. Lanier died in-testate, domiciled in Rowan County, 8 December, 1894, leav-

ing C. G. Lanier, J. B. Lanier, Jr., and present plaintiffs, his heirs-at-law. Lee S. Overman was duly appointed and qualified as administrator of J. B. Lanier, deceased. He instituted a special proceeding against the heirs of his intestate for the purpose of subjecting a portion of the real estate, owned by him, to sale to make assets for the payment of his debts. In that proceeding, after several ineffectual efforts to sell the land, the administrator was permitted to take a nonsuit 18 February, 1901. Further reference to the record in that proceeding is unnecessary here. Mattie Lanier, one of the plaintiffs herein, on 11 April, 1895, instituted a proceeding before the Clerk of the Superior Court of Rowan County, in which the other heirs at law of J. B. Lanier were made defendants for the purpose of having the land in controversy, together with other lands of said Lanier, sold for partition. The defendant C. G. Lanier filed an answer alleging that the estate was unsettled and that the debts were unpaid; that a sale of the lands would be necessary to pay said debts. The Court denied the relief demanded and plaintiff appealed, but did not perfect or prosecute her appeal. Thereafter an order was made in the cause, appointing a receiver to take charge of the lands and rent them out, etc. At November Term, 1896, Lee S. Overman, administrator of Jas. B. Lanier, filed a petition, and a supplemental petition, asking that he be made a party to said special proceeding. He alleged, at May Term, 1898, that a sale of the lands was necessary to pay the debts of his intestate. An order was made in the cause by Judge McIver directing the Clerk to issue notices to all the parties to the proceeding, to show cause, before him, at Statesville in said district, why the prayer of the petitioner should not be granted. No answer was filed to the petition on the return day at Statesville, N. C., except by the *guardian ad litem.* Judge McIver found, as a fact, that service was made on the parties; that the personal estate of J. B. Lanier

149—25

was insufficient to pay his debts and that a sale of the lands described in the petition was necessary therefor, and ordered that they be sold by Overman, administrator and commissioner, at public auction after advertisement, and that he make report of said sale, etc. At the August Term, 1898, of the Superior Court of Rowan County, an order was made by Judge O. H. Allen remanding the cause to the Clerk of the Superior Court "in order that he may resume his original jurisdiction and receive and pass upon the reports of Lee S. Overman, administrator, and proceed to final judgment, etc. On 20 September, 1898, said Overman, administrator and commissioner, filed his report setting forth that, pursuant to the order of Judge McIver, he had sold a number of tracts of land, among them lot No. 14, containing 43 acres (being the land in controversy) to J. D. Heilig for $22 per acre, aggregating $953.75, and that said sum was a fair price for same. On 29 September, 1898, the sale was duly confirmed, and the administrator directed, upon payment of the purchase money, to make title to the purchaser. On the same day Lee S. Overman, administrator, executed a deed to the defendant for said land (lot No. 14).

This action is brought by the plaintiffs, heirs at law of J. B. Lanier, against defendant J. D. Heilig, "for the purpose of impeaching the judgment signed at Statesville, Iredell County, as being irregular and void, and for the purpose of securing a resale of the lands, the subject of this controversy." The plaintiffs allege fraud in the proceeding, sale, etc., all of which is denied in the answer. The Court submitted a series of issues directed to every phase of the controversy, and the verdict under the direction of the Court establishes the foregoing facts. The eleventh issue was directed to the question whether John L. Rendleman was "lawfully appointed *guardian ad. litem* of certain infant defendants." The jury found, under instructions, that summons was duly served on the infants, and that the *guardian ad litem* was lawfully

appointed. The twelfth issue was directed to the enquiry whether plaintiffs were the owners of the land in controversy. This was answered in the negative, under the instructions of the Court. Plaintiffs excepted. No issue was tendered or submitted in regard to the allegations of fraud. The plaintiffs requested his Honor to submit the following issue: "Was the price paid by defendant a full and fair value for the lands described. in the complaint?" His Honor declined to do so, and plaintiffs excepted. The plaintiffs excepted to the rejection of certain questions, noted in the opinion. Judgment was rendered upon the verdict for defendant. Plaintiffs excepted and appealed.

*G. W. Garland* for plaintiffs.

*J. L. Henderson, T. F. Kluttz, L. H. Clement, Adams, Jerome & Armfield* for defendant.

CONNOR, J., after stating the facts: It is settled, by a long and uniform line of decisions of this Court, that a final judgment can be attacked for fraud in its procurement only by an independent action. *Fowler v. Poor,* 93 N. C., 466; *Syme v. Trice,* 96 N. C., 243; *Brickhouse v. Sutton,* 99 N. C., 103; *Smith v. Fort,* 105 N. C., 446, and many other cases. As no issue was tendered upon the allegation of fraud, and as we find no evidence tending to sustain the allegation, that phase of the case is eliminated. It is equally well settled, that for irregularities in the progress of the cause a motion is the proper and only remedy; and this is true, notwithstanding there is a final decree. In *Fowler v. Poor, supra, Merrimon, J.,* after holding that for alleged fraud a new action is the only remedy, says: "It would be otherwise, however, if the purpose were to set the judgment aside for irregularity. In such a case a motion in the cause, although the action be ended, is the proper remedy." In *Morris v. White,* 96 N. C., 91, the same Justice said: "The Court properly held that

the plaintiff's remedy was by motion, or other appropriate proceeding, in the action in which the decree complained of was granted. They seek to have the decree set aside upon the ground of irregularity in it and in the proceedings in the action leading to it. It was competent, and the appropriate remedy, to move in the action within a reasonable time after the decree was granted to set it aside for such cause, and this is so although the action was ended." This is the settled practice in this State from which we find no deviation. His Honor, after plaintiff's failure to tender an issue upon the allegation of fraud, should have dismissed the action.

The issues submitted were properly answered and fail to show any such irregularity as would justify the Court in setting aside the judgment and the sale. If a motion in the cause had been made and the facts found by the jury herein, established, the Court would not have set aside the judgment and sale, made pursuant to it, as to the land purchased by defendant and left it standing as to the other tracts of land. The plaintiff Mattie Lanier purchased at the sale a part of the land, and a number of other persons purchased other parts. The purchase money has been paid and applied to the debts of James B. Lanier. If the sale was made pursuant to an irregular judgment, and is for that reason to be set aside, the Court would be compelled to administer the equities growing out of the transaction, subrogating the purchasers to the rights of the creditors. This would necessitate having all of them before the Court that full and complete justice should be done. To set the sale aside as to defendant's tract, and restore it to the heirs, leaving the other purchasers in the enjoyment and ownership of the tracts purchased by them at the same time and under the same judgment, would be unjust. No Court having equitable powers, or proceeding upon well settled doctrines of equity, would do so. We have examined the entire record, and while there appears to have been some irregularities, it is manifest that the Court had jurisdiction

of the parties and the subject matter; that the parties were notified of the several steps in the proceeding, and some of them participated in the purchase of land under the judgment. There is no suggestion that the findings of fact by Judge McIver were not correct. The parties, after notice, failed to attend the hearing or controvert the allegations of the petition on the part of Mr. Overman to intervene. The sale was properly conducted and duly reported and confirmed. Courts are reluctant, in the absence of fraud, to set aside judgments and disturb rights acquired under them, for mere irregularities, especially when the parties complaining have delayed action for a long time. The sale was confirmed and deed made 29 September, 1898, and this action was brought 5 August, 1905. While the judgment of his Honor must be affirmed, because the plaintiff's remedy, for alleged irregularities, was a motion in the cause upon the entire record, no other judgment could have been rendered for other and manifest reasons. There is no suggestion that defendant had any knowledge of the alleged irregularities. An examination of the judgment would not have disclosed them. Even when a judgment is set aside for irregularities, the rights of innocent parties acquired under it, will not be disturbed. It is only when the judgment is void because the Court had no jurisdiction of the persons or the subject matter that rights acquired will be disturbed. In such cases, if the purchase money has been applied in exoneration of the land, the purchaser will be subrogated to the rights of the creditors. This is common learning and manifest equity. There is

No error.