G. T. TUTTLE v. SALLIE WARREN and FRANK HILL.

(Filed 17 November, 1910.)

1. **Deeds and Conveyances—Title—Adverse Possession—Possession of Another—Priority—Partition—"Color"—Evidence.**

In his action for possession of lands, plaintiff, in deraigning his title, introduced a deed to W., a mortgage from R., the son and heir of W., to secure a debt to L., the land described in the mortgage being a 77-acre tract adjoining the *locus in quo* and the undivided interest of the son in his father's land; also, a contract from L. to R. agreeing to sell him the tract containing the 77 acres and another tract of 16 acres. There was evidence of the partition of the lands of L. among his heirs at law, a part thereof, including the *locus in quo*, being assigned to his daughter, G. There was no sufficient evidence of adverse possession to ripen title to the *locus in quo* in G., or that L. was the owner of the land, but evidence tending to show the possession of R. thereof for sixteen years, and of a part thereof for thirty years. *Held*, (1) For the plaintiff to avail himself of the contract between L. and R. as evidence tending to show that the former claimed by virtue of his contract with the latter, there must be some evidence of privity between these two, of which the contract, failing to describe the *locus in quo*, is none; (2) the possession of R. cannot enure to the plaintiff's benefit in claiming under G. as one of the heirs at law of L.; (3) G. had color of title to the lands under the division in partition proceedings by the heirs at law of L., but this cannot enure to plaintiff's benefit for failure to show her possession thereunder; (4) evidence of possession of R., one of the heirs at law of W., under parol partition proceedings is irrelevant, and fails to show the character of the possession of R. as being adverse and under a claim of right; (5) there being no evidence tending to show the legal right of the plaintiff to claim under R. or sufficient to give him the benefit of the latter's possession of the *locus in quo*, a judgment as of nonsuit upon the evidence was properly allowed.

2. **Judgments—Nonsuit—Another Action.**

Upon a judgment of nonsuit upon the evidence, the plaintiff may bring another action and supply the deficiency in the evidence, if so advised.

APPEAL by plaintiff from *Long, J.,* at the May Term, 1910, of STOKES.

The facts are sufficiently stated in the opinion of the Court.

*N. O. Petree* and *J. D. Humphreys* for plaintiff.
*Watson, Buxton & Watson* and *J. W. Hall* for defendant.

WALKER, J. This is an action for the possession of land, the
title to which was admitted to be out of the State. Plaintiff
introduced a deed for the land from Hulet Blackburn to James
Warren, dated 21 December, 1839, and a mortgage from Reuben
Warren, son and heir of James Warren, to Edward H. Young,
trustee, to secure a debt for $536.49 due to William A. Lash,
dated 25 October, 1866, the land described therein being a tract
of 77 acres adjoining the *locus in quo,* and the undivided inter-
est of Reuben Warren in the land of his father. He then intro-
duced a contract dated in 1873, between William A. Lash and
Reuben Warren, by which Lash agreed to sell to Warren for
$509.14 the tract containing 77 acres and another tract of 16
acres. There was evidence tending to show a partition of lands
among the heirs of W. A. Lash, and that Lot No. 3 assigned to
Laura Gilmer, one of the heirs, included the *locus in quo* and
was conveyed to the plaintiff on 19 March, 1908. No possession
of that lot by Mrs. Gilmer, or those claiming under her, sufficient
to ripen her title, was shown, nor does it appear that W. A.
Lash was the owner of the land divided among his heirs in the
partition proceedings. The plaintiffs contend, though, that W.
A. Lash claimed the land under Reuben Warren by virtue of
the contract of 1873, but we have been unable to find any suffi-
cient proof to the effect that the land therein described em-
braced the *locus in quo,* and that contract is the only evidence
tending to show any connection or privity between Reuben War-
ren and W. A. Lash. It is true that evidence was introduced
to show that Reuben Warren had possession of the entire *locus
in quo* for sixteen years or more prior to his death, which, it is
stated, occurred seven years ago, and possession of a part of the
*locus in quo* for thirty years, but his possession cannot enure to
the benefit of the plaintiff, claiming under Mrs. Gilmer as one
of the heirs of W. A. Lash, unless some privity between the lat-
ter and Reuben Warren had been established. In this view of
the case, the evidence which was offered by the plaintiff and ex-
cluded by the court, that there had been a parol partition among

the heirs of James Warren, who took possession of their respective parts, was irrelevant. If the plaintiff had offered to show that Reuben Warren went into possession of what is called "his share," and continued in possession thereof, and that it included the *locus in quo,* and it had further appeared that there was such privity between him and W. A. Lash as would entitle the latter or his heirs to claim the benefit of the possession of Reuben Warren, if it was sufficient in itself, or by tacking it to the possession of W. A. Lash held for him by Reuben Warren under the contract of 1873, to confer title, the evidence might have been competent and relevant, although the oral partition was invalid, to show the character of the possession of Reuben Warren, as being adverse and under a claim of right. *Rhea v. Craig,* 141 N. C., 603. But the plaintiff, we think, has failed in his proof at the vital point of the case. He has shown no legal right to claim under Reuben Warren, or to avail himself of his possession of the *locus in quo.* In this respect, the evidence is wholly lacking, and some of the other evidence is of an indefinite nature. The allotment to Mrs. Gilmer in the partition proceedings constituted color of title (*Bynum v. Thompson,* 25 N. C., 578; *Smith v. Tew,* 127 N. C., 299), which could be ripened into a good title by adverse possession, but there is no evidence of such possession.

In the absence of the essential proof, we must sustain the judgment of nonsuit, but this does not prevent the plaintiff from bringing another action (*Tussey v. Owen,* 147 N. C., 335) and supplying the present deficiency in the evidence, if he is able to do so.

No error.