E. C. GUY v. THE FIRST CAROLINAS JOINT STOCK LAND BANK OF COLUMBIA AND GURNEY P. HOOD, COMMISSIONER.

(Filed 1 November, 1933.)

**Deeds and Conveyances C f—The law does not imply covenant of seizin in deed to lands in fee simple.**

There are no implied covenants with respect to title, quantity or encumbrance in the sale of real estate, and where a deed to property in fee simple does not contain a covenant of seizin the grantee may not maintain an action against his grantor for breach of covenant of seizin in that certain mineral rights in the land had been reserved by the grantor's predecessor in title and were not conveyed by the grantor's deed, though plaintiff might maintain an action under the principles announced in *Henofer v. Realty Co.,* 178 N. C., 584.

APPEAL by plaintiff from *Hill, Special Judge,* at July Term, 1933, of AVERY.

Civil action to recover damages for alleged breach of covenant of seizin.

On 28 August, 1928, the plaintiff acquired by deed from the First Carolinas Joint Stock Land Bank of Columbia a tract of land in Avery County, North Carolina, of approximately 546 acres, valuable chiefly for grazing and mining purposes, said deed containing the following covenants:

"And the said the First Carolinas Joint Stock Land Bank of Columbia does hereby bind itself and its successors to warrant and forever defend all and singular the said premises unto the said E. C. Guy, his heirs and assigns, against itself and its successors and all persons whomsoever lawfully claiming or to claim the same or any part thereof."

It is alleged that the grantor in said deed at the time of its execution, did not own the mineral interests in said lands, the same having been expressly reserved by predecessors in title, and, to this extent, there is a failure in plaintiff's title, his deed purporting to convey the lands in fee.

From a judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning errors.

*Charles Hughes and Burke & Burke for plaintiff.*
*Willis Smith and John H. Anderson, Jr., for defendants.*

STACY, C. J. The plaintiff first sued for breach of the covenant of quiet enjoyment, but as he was not able, or failed, to allege eviction under paramount title, ouster or adverse claim, his complaint was held demurrable. *Guy v. Bank,* 202 N. C., 803, 164 S. E., 323.

The present action is for alleged breach of covenant of seizin, but as the deed under which plaintiff acquired title contains no covenant of seizin (*Cover v. McAden,* 183 N. C., 641, 112 S. E., 817, *Price v. Deal,* 90 N. C., 290), the judgment of nonsuit was properly entered. It is the rule with us that there are no implied covenants with respect to title, quantity or encumbrance, in the sale of real estate. *Peacock v. Barnes,* 139 N. C., 196, 51 S. E., 926; *Barden v. Stickney,* 130 N. C., 62, 40 S. E., 842; *Zimmerman v. Lynch, ibid.,* 61, 40 S. E., 841. In the absence of any fraud, mistake or overreaching, the doctrine of *caveat emptor* applies. *Smathers v. Gilmer,* 126 N. C., 757, 36 S. E., 153; *Walsh v. Hall,* 66 N. C., 233.

Speaking to the subject in *Foy v. Haughton,* 85 N. C., 169, *Ruffin, J.* (the younger), delivering the opinion of the Court, said: "But the rule of law is, that in sales of land it is the duty of a purchaser to guard against all defects, as well of title as of encumbrance or quantity, by taking proper covenants looking to that end, and if he fail to do so, it is his folly, against which the law, that encourages no negligence, will give him no relief."

This, however, would not deprive the plaintiff of the right to bring his action under the principles announced in *Henofer v. Realty Co.,* 178 N. C., 584, 101 S. E., 265, *Turner v. Vann,* 171 N. C., 127, 87 S. E., 985, *May v. Loomis,* 140 N. C., 350, 52 S. E., 728, if so justified by the facts.

Affirmed.