J. N. TURPIN AND WIFE, PEARL TURPIN, v. COUNTY OF JACKSON.

(Filed 19 September, 1945.)

**1. Deeds § 11—**

> A deed, which did not purport to convey the lands described therein, but merely whatever right, title, and interest the grantors had in the lands, is limited by the grant and is in legal effect no more than a quitclaim deed, even though it might have contained a covenant of warranty.

**2. Same: Contracts § 5—**

A quitclaim deed for land, without reference to the character of the title, is, in the absence of fraud or mistake, a sufficient consideration to support a contract; money paid for such a conveyance cannot be recovered back, or a plea of failure of consideration maintained to a note given for such a conveyance.

**3. Deeds § 17—**

There are no implied covenants with respect to title, quantity or encumbrance, in the sale of real estate. In the absence of fraud, mistake, or overreaching, the doctrine of *caveat emptor* applies.

APPEAL by defendant from *Pless, J.,* at May Term, 1945, of JACKSON. This is an action to recover from the county of Jackson the sum of $369.34, paid by the plaintiffs as consideration for the conveyance to them of all the right, title and interest of the county of Jackson, in and to certain lands purported to be held by said county, under and by virtue of a tax foreclosure proceeding, in which the county became the last and highest bidder at said foreclosure sale and accepted a Commissioner's deed, which purported to convey the lands described therein to said county. After the plaintiffs herein took possession of said lands, the original owners instituted an action in ejectment against them, alleging that the tax foreclosure proceedings, and the conveyances executed pursuant thereto, under which the grantees purported to hold, were null and void, because the aforesaid owners were never served with summons in the tax foreclosure proceedings. That litigation ended adversely for these plaintiffs, hence this action. See *Powell v. Turpin,* 224 N. C., 67, 29 S. E. (2d), 26.

At the trial below it was stipulated that his Honor should hear the evidence, and find the facts without intervention of a jury. After hearing the evidence his Honor found that the plaintiffs were entitled to recover the consideration paid to the defendant, county of Jackson, because of (1) mutual mistake, and (2) total failure of consideration, and entered judgment accordingly. The defendant appeals, assigning error.

*R. L. Phillips and M. V. Higdon for plaintiffs.*
*W. R. Sherrill and E. P. Stillwell for defendant.*

DENNY, J. The question presented for determination on this appeal is whether or not the grantees in a quitclaim deed may recover the consideration paid therefor, in the event a paramount title to said lands was outstanding in a third party or parties at the time of the execution of the conveyance and the grantees have been evicted by the holder or

holders of the paramount title. In the absence of fraud or mistake, our decisions answer this question in the negative.

The conveyance executed on behalf of the county of Jackson did not purport to convey the lands described therein, but merely whatever right, title and interest the grantor had in the lands. Such a deed is limited by the grant and is in its legal effect no more than a quitclaim deed even though it might have contained a covenant of warranty. *Coble v. Barringer,* 171 N. C., 445, 88 S. E., 518; *Olds v. Cedar Works,* 173 N. C., 161, 91 S. E., 846; *Morton v. Lumber Co.,* 178 N. C., 163, 100 S. E., 322; *Cook v. Sink,* 190 N. C., 620, 130 S. E., 714.

A quitclaim deed for land, in the absence of fraud or mistake, is a sufficient consideration to negative a plea of total failure of consideration, and this Court so held in *Pritchard v. Steamboat Co.,* 169 N. C., 457, 86 S. E., 171, in an opinion by *Walker, J.,* in which it is stated: "It seems, therefore, to be settled now that at law, and even in equity, a vendee has no remedy on the ground of failure of title, if he has no covenants, and there is no fraud or mistake. *Chesterman v. Gardner,* 5 Johnson Ch. (N. Y.), 29; *Gouveneur v. Elemendorf, ibid.,* 79; *Snyder v. Laframboise,* 12 Am. Dec., 187, and note in Extra Annotated Edition at p. 191, citing *Dorsey v. Jackson,* 7 Am. Dec., 611; *Doyle v. Knapp,* 3 Scam., 334; *Owings v. Thompson, ibid.,* 505; *Slack v. McLagan,* 15 Ill., 242; *Sheldon v. Harding,* 44 Ill., 68, and other cases. See, also, *Maney v. Porter,* 3 Mumphreys (Tenn.), 346-363; *Botsford v. Wilson,* 75 Ill., 132. The Court said in *Sheldon v. Harding, supra:* 'There can be no doubt that a quitclaim deed for land, without reference to the character of the title, is, in the absence of fraud, a sufficient consideration to support a contract; money paid for such a conveyance cannot be recovered back, or a plea of failure or consideration maintained to a note given for such a conveyance. Such deeds are made because the vendor is unwilling to warrant the title, and they are accepted because the grantee is willing to take the hazard of the title, and believes it is worth the price he pays or agrees to pay. And, unless fraud is practiced upon the grantee, the law permits such contracts to be made, and will uphold and enforce them.' " Likewise, *Stacy, C. J.,* in speaking for the Court, in *Guy v. Bank,* 205 N. C., 357, 171 S. E., 341, said: "It is the rule with us that there are no implied covenants with respect to title, quantity or encumbrance, in the sale of real estate. *Peacock v. Barnes,* 139 N. C., 196, 51 S. E., 926; *Barden v. Stickney,* 130 N. C., 62, 40 S. E., 842; *Zimmerman v. Lynch, ibid.,* 61, 40 S. E., 841. In the absence of any fraud, mistake or overreaching, the doctrine of *caveat emptor* applies, *Smathers v. Gilmer,* 126 N. C., 757, 36 S. E., 153; *Walsh v. Hall,* 66 N. C., 233. Speaking to the subject in *Foy v. Haughton,* 85 N. C., 169, *Ruffin, J.* (the younger) delivering the opinion of the Court, said:

'But the rule of law is, that in sales of land it is the duty of a purchaser to guard against all defects, as well of title as of encumbrances or quantity, by taking proper covenants looking to that end, and if he fail to do so, it is his folly, against which the law, that encourages no negligence, will give him no relief.' "

The plaintiffs in their complaint allege neither fraud nor mutual mistake, but bottom their action on a total failure of consideration. It is unfortunate for these plaintiffs that their purported title was defective. However, a careful examination of the title would have disclosed its defectiveness. Therefore, the county of Jackson is under no legal obligation to refund the consideration paid to it for its quitclaim deed.

The judgment below is

Reversed.