CITY OF WILMINGTON, NORTH CAROLINA, NEW HANOVER COUNTY, AND C. R. MORSE, CITY-COUNTY TAX COLLECTOR, v. LIZZIE WRIGHT MERRICK, LILLY WRIGHT, ONLY CHILDREN AND HEIRS AT LAW OF TITUS WRIGHT, DECEASED, AND THEIR HUSBANDS, EDWARD WRIGHT AND WIFE, ............... WRIGHT, AND ANY AND ALL HEIRS AND/OR DEVISEES, AND ANY AND ALL PERSONS, FIRMS OR CORPORATIONS WHO MIGHT IN ANY CONTINGENCY CLAIM AN INTEREST IN THE PROPERTY INVOLVED IN THIS ACTION, KNOWN OR UNKNOWN, SUI JURIS OR NON SUI JURIS, INCLUDING ANY NOT IN ESSE WHO MIGHT BY POSSIBILITY HEREAFTER SET UP A CLAIM.

(Filed 7 June, 1951.)

1. **Taxation § 42—**

A prospective purchaser at a tax foreclosure is under duty to investigate the records, and the principle of *caveat emptor* applies to his purchase of the land, the tax deed being in effect a quitclaim deed without warranty, and therefore upon adjudication that a tax deed failed to pass the interest of certain owners who were not served with process, the purchaser at the tax sale is not entitled to a refund of his purchase money from the taxing units but is remitted to his right to enforce, as equitable assignee of the taxing units, such tax liens as he may have acquired. G.S. 105-414.

2. **Judgments § 9—**

The contention that petitioners are entitled to recover *pro confesso* against plaintiffs because of their failure to answer the petition within thirty days after it was filed, is not presented when it appears that the petition and notice were not served upon plaintiffs and that plaintiffs filed answer before the return date designated in the notice.

APPEAL by plaintiffs from *Williams, J.,* at December Civil Term, 1950, of NEW HANOVER. Reversed.

Motion in the cause by R. L. Lewis, purchaser at tax foreclosure sale, asking for refund of purchase money because of failure of title.

This is a tax foreclosure suit brought under G.S. 105-414 against the heirs at law of Titus Wright, deceased. R. L. Lewis, who purchased at the commissioner's sale, being unable to obtain possession, caused writ of possession to issue. Thereafter, Isabella Merrick Womack and Luberta Merrick Williams, granddaughters and heirs at law of Titus Wright, claiming that they were never properly joined as parties nor served with process as required by law, came in and moved the court to vacate the judgment of foreclosure and the deed made thereunder. The motion was allowed below and it was adjudged that the foreclosure judgment and the deed executed thereunder are void as to the movants Isabella Merrick Womack and Luberta Merrick Williams. The plaintiffs excepted and appealed to this Court. The purchaser, R. L. Lewis, joined in the appeal, which was heard at the Fall Term, 1949, Decision affirming the lower court and holding that the foreclosure judgment and deed are void as to

Isabella Merrick Womack and Luberta Merrick Williams, heirs at law of Titus Wright, is reported in 231 N.C. 297, 56 S.E. 2d 643. The facts are there stated in detail.

After the decision was certified to the lower court, the purchaser, R. L. Lewis, filed petition in the cause and moved the court for an order requiring a refund of the purchase money paid for the deed. When the motion came on for hearing below, the court entered an order finding, in part: (1) that R. L. Lewis in good faith bid off the land "under the belief that the court had full jurisdiction of the cause(s) and parties," and that he was receiving "marketable title in fee simple"; (2) that "the plaintiffs City of Wilmington, New Hanover County, and C. R. Morse, City-County Tax Collector, were negligent in not having made all persons entitled to an interest in the property . . . parties to said cause of action"; and (3) that of the $1,067 purchase money paid, the City and County received the sum of $945.19, with the residue of $121.81 being paid out in court costs and expenses of sale.

The judgment entered by the court below directs: (1) that R. L. Lewis quitclaim to the plaintiffs all of his right, title and interest in the lands described in the commissioner's deed; (2) that the plaintiffs immediately refund to R. L. Lewis the sum of $945.19, with interest thereon at the rate of six per centum per annum from 16 June, 1948, together with his costs in the action to be determined by the Clerk, and (3) that the balance of $121.81 "is reserved to be deducted from and paid over to the said R. L. Lewis from the proceeds of any further sale of said lot or parcel of land."

The plaintiffs, in apt time, filed exceptions to the findings of fact and conclusions of law set out in the judgment and appealed to this Court, assigning errors.

*G. C. McIntire for plaintiffs, appellants.*
*Thomas W. Davis for R. L. Lewis, movant, appellee.*

JOHNSON, J. The principle of *caveat emptor* applies with all its rigor to the purchase of real estate at a tax sale. Ordinarily, the holder of a tax deed executed pursuant to an invalid commissioner's sale in a tax foreclosure suit may not obtain reimbursement from the taxing authorities.

The fundamental fairness and soundness of this rule is apparent. One who purchases at a tax sale does so without warranty,—and usually with the expectation of substantial profit. He is chargeable with knowledge that a commissioner's deed is no more than a quitclaim deed. There "are no implied covenants with respect to title, quantity, or encumbrance in the sale of real estate." (*Guy v. Bank,* 205 N.C. 357, 171 S.E. 341). The tax records, as well as the court papers in a foreclosure suit, are open

to inspection by prospective purchasers. It is the duty of one who would purchase a tax title to investigate, or cause to be investigated, all sources of title, "and if he fail to do so, it is his folly, against which the law, that encourages no negligence, will give him no relief." (*Foy v. Haughton,* 85 N.C. 169). Besides, it would seem to be unsound public policy to require local taxing units to underwrite the validity of these tax titles. Any such requirement would tend to render uncertain, if not to imperil, public finances.

Therefore, in the instant case, the plaintiffs may not be required to make reimbursement. Our decision here is in accord with the principles applied in *Turpin v. Jackson County,* 225 N.C. 389, 35 S.E. 2d 180, and cases there cited. Decision is also in harmony with the decided weight of authority in other jurisdictions. See Annotations: 77 A.L.R. 824; 116 A.L.R. 1408.

The authorities cited by appellee are not controlling here. Most of them deal with rights and remedies of an innocent purchaser at an irregular sale and relate to questions of title. These questions were resolved against the movant Lewis on the first appeal. (231 N.C. 297.)

The status of movant's title is not revealed by the record. However, it is indicated that he may have acquired the outstanding interest of at least one of the heirs of Titus Wright, deceased. In any event, since the purchase money has been applied in exoneration of the land, whatever enforceable tax liens the plaintiffs may have had against the land would seem to have passed by subrogation to the movant Lewis, and any such liens may be fully enforced by him as equitable assignee of the plaintiff taxing units. *Perry v. Adams,* 98 N.C. 167, 73 S.E. 729; *Lanier v. Heilig,* 149 N.C. 384, 63 S.E. 69; Anno.: 73 A.L.R. 612, p. 630 *et seq.* See also G.S. 105-414.

There is no merit in the suggestion made in the court below that the movant Lewis was entitled *pro confesso* to the reimbursement demanded because his petition in the cause was not answered within thirty days after it was filed. It is enough to say that the petition and notice of motion were not served upon either the plaintiffs or their attorney (*State ex rel. Utilities Commission v. Martel Mills Corporation,* 232 N.C. 690, 62 S.E. 2d 80), and it appears that the plaintiffs filed answer before the return date designated in the notice. Therefore, we do not reach for decision the effect of failure to answer a petition in the cause duly served upon the adversary parties.

Reversed.