PETER KELLY AND WIFE, ETHEL KELLY, v. JOHN KELLY AND WIFE, BETTY G. KELLY (ORIGINAL PARTIES DEFENDANT), AND FRANKLIN COUNTY (ADDITIONAL PARTY DEFENDANT).

(Filed 24 November, 1954.)

**1. Judgments § 33a—**

A judgment as of nonsuit entered upon demurrer to the evidence constitutes *res judicata* and bars a subsequent action upon substantially the same allegations and evidence, but will not bar a subsequent action in which plaintiff "mends his licks" by the introduction of additional evidence on a material aspect not covered by the evidence at the former trial.

**2. Same—**

In a second action after an involuntary nonsuit upon demurrer to the evidence, there is no presumption that available pertinent evidence was introduced at the former trial merely because such evidence was available.

**3. Ejectment § 17—**

Where plaintiff in ejectment attempts to establish a common source of title by showing that defendant claims under a tax foreclosure against the common ancestor, and introduces a deed from the county to defendant, deed from the commissioner to the county, together with the original summons and complaint in the tax foreclosure proceeding and the sheriff's return on the summons, order for service by publication and notice and affidavit of publication, but fails to introduce either the interlocutory judgment of foreclosure or the final decree of confirmation of sale, there is a break in the chain of title, and nonsuit for failure of plaintiff to establish a common source of title is proper.

**4. Ejectment § 13: Pleadings § 10—**

In an action in ejectment where defendant claims under a tax foreclosure deed of bargain and sale, the county is a proper party for the purpose of defending its title to defendant, but defendant has no right to litigate in plaintiff's action any rights he may have against the county in the event the tax foreclosure deed is declared invalid.

**5. Cancellation and Rescission of Instruments § 8—**

The right to attack the validity of a deed on the ground of mental incapacity of grantor or undue influence and duress, is vested exclusively in the grantor, or, in the event of his death, in his heirs unless the personal representative is required to sell real estate in order to create assets, in

KELLY v. KELLY.

which event the grantor's personal representative would have the right to attack the deed.

APPEAL by plaintiff Peter Kelly from *Stevens, J.*, April Term, 1954, of FRANKLIN.

This is an action in ejectment to recover possession of two tracts of land in Franklin County, North Carolina, containing 13.12 acres and 15.68 acres, more or less, respectively. The plaintiffs originally were Peter Kelly and his wife, Ethel, who is now deceased, leaving Peter Kelly as the surviving plaintiff who will be referred to hereinafter as plaintiff.

1. The plaintiff instituted a similar action on 17 February, 1950, and at the trial, for the purpose of establishing his title to the above tracts of land, introduced evidence as follows: (a) Deed from Sam Kelly, Jr., and wife to Peter Kelly and wife, dated 27 April, 1948, recorded in Franklin County Registry, Book 425, pages 416 and 417; (b) deed from Sam Kelly, Sr., and wife to Samuel Kelly, Jr., dated 25 May, 1918, recorded in Franklin County Registry, Book 217, page 510; (c) oral testimony of Peter Kelly. The evidence was held insufficient to make out a case for the jury and a judgment of nonsuit was entered at the April Term, 1951, of the Superior Court of Franklin County. Plaintiff gave notice of appeal to the Supreme Court but instead of perfecting his appeal he paid the costs and instituted the present action on 31 May, 1951.

2. The plaintiff's allegations in the present action are identical in substance with those in the former action. The original defendants, John Kelly and wife, made a motion on 19 July, 1951, that Franklin County be made a party defendant to the action. The plaintiff objected. Objection was overruled and Franklin County was brought in as a party defendant. Plaintiff excepted.

3. The defendants, John Kelly and wife, filed an answer in which they allege that they are the owners of the two tracts of land in controversy under a deed from Franklin County; that Franklin County obtained title thereto in a tax foreclosure proceeding instituted 29 August, 1930. These defendants, as a further answer and defense, allege that plaintiff's deed from Sam Kelly, Jr., under which he claims, is null and void by reason of the mental and physical weakness and infirmity of Sam Kelly, Jr., at the time of its execution, and that it was obtained by the plaintiff through undue and improper influence and duress upon the said Sam Kelly, Jr. The plaintiff interposed a demurrer *ore tenus* to this further answer and defense and the demurrer was overruled. The plaintiff duly excepted. These defendants also plead the judgment in the former action as *res judicata* in bar of plaintiff's right to maintain this action. They further plead what they denominate a counterclaim, but which is in reality a cross-action against Franklin County for $1,000.00, being the amount

paid by John Kelly as the purchase price for the property, and pray for judgment against the County for said amount in the event the deed from Franklin County to John Kelly is held to be invalid.

4. Franklin County filed an answer to the complaint and a reply to the cross-action of its codefendants. In its reply, it admitted that in the event its deed to the said John Kelly is invalid he "would be entitled to a refund for any sums over and above all amounts which this defendant has invested in said lands in the way of delinquent taxes, interest, penalties, costs, etc., up to the purchase price of $1,000.00."

When this cause was tried in the court below, the plaintiff introduced the same documentary evidence he introduced at the trial in the former action, and it is admitted that the oral evidence was substantially the same. However, for the purpose of showing that the plaintiff and the original defendants claim title from a common source, and for the purpose of attacking the validity of the deeds in the defendants' chain of title, the plaintiff introduced in evidence a deed from Franklin County to John Kelly, dated 7 February, 1949, duly recorded in the office of the Register of Deeds of Franklin County on 11 February, 1949; a deed from G. M. Beam, Commissioner, to Franklin County, dated 11 July, 1931, duly recorded on 29 February, 1932; the original summons in the tax foreclosure proceeding; the complaint; the Sheriff's return on the summons, stating Sam Kelly, Jr., was not found; order for service by publication, and notice and affidavit of publication. Other evidence was offered but excluded.

The defendants, John Kelly and wife, in support of their plea of *res judicata,* introduced in evidence the original summons in the former action between Peter Kelly and wife and John Kelly and wife, the complaint and judgment of nonsuit entered therein at the April Term, 1951, of the Superior Court of Franklin County.

At the close of all the evidence, the court below entered judgment in favor of the above defendants on their plea of *res judicata,* finding as a fact that in addition to the evidence admitted to have been introduced at the former trial between the parties, the plaintiff "introduced additional documentary evidence composed of public records of Franklin County which were available to plaintiffs at the former trial, all of which are conclusively presumed by the court to have been set up in said former action," and dismissed the action and directed that the costs be taxed against the plaintiff. Plaintiff appeals, assigning error.

*John Matthews for plaintiff, appellant.*

*Beam & Beam for defendants John Kelly and wife, appellees.*

*Hamilton Hobgood for defendant Franklin County, appellee.*

DENNY, J.   This appeal presents a number of questions for determination.   However, the two which are of primary importance are these:  (1) Is the ruling of the court below, in respect to the plea of *res judicata,* erroneous?   (2) If so, did the plaintiff introduce sufficient evidence to take the case to the jury?   We think the first question must be answered in the affirmative, and the second in the negative.

The general rule with respect to *res judicata* is that where a former judgment has been entered on the merits of the controversy and the new action is based upon substantially the same allegations, and substantially the same evidence, the trial court should hold that the judgment in the first action was a bar, or *res judicata,* and thus end that particular litigation.   *Hampton v. Spinning Co.,* 198 N.C. 235, 151 S.E. 266.   For example, if, in a tort action, a plaintiff introduces his evidence and the trial court holds such evidence shows that the plaintiff was guilty of contributory negligence as a matter of law, and enters a judgment of nonsuit, the judgment, unless reversed on appeal, would be a bar to a second action involving the same allegations and the same evidence.   *Batson v. Laundry,* 209 N.C. 223, 183 S.E. 413.   But, ordinarily, where there is a demurrer to the evidence and the court sustains the demurrer and enters a judgment of involuntary nonsuit, the plaintiff is permitted to bring another action in order that he may "mend his licks," if he can.   *Batson v. Laundry,* 206 N.C. 371, 174 S.E. 90; *Swainey v. Tea Co.,* 204 N.C. 713, 169 S.E. 618; *Hampton v. Spinning Co., supra; Tuttle v. Warren,* 153 N.C. 459, 69 S.E. 426; *Trull v. R. R.,* 151 N.C. 545, 66 S.E. 586; *Smith v. Manufacturing Co.,* 151 N.C. 260, 65 S.E. 1009; *Hood v. Telegraph Co.,* 135 N.C. 622, 47 S.E. 607; *Nunnally v. R. R.,* 134 N.C. 755, 48 S.E. 998; *Prevatt v. Harrelson,* 132 N.C. 250, 43 S.E. 800.

In the case of *Tuttle v. Warren, supra,* the action was for the possession of land.   The court said, in respect to plaintiff's proof, "He has shown no legal right to claim under Reuben Warren, or to avail himself of his possession of the *locus in quo.* . . . In the absence of the essential proof, we must sustain the judgment of nonsuit, but this does not prevent the plaintiff from bringing another action (*Tussey v. Owen,* 147 N.C. 335) and supplying the present deficiency in the evidence, if he is able to do so."

Ordinarily, if the evidence on which the plea of *res judicata* is sustained tends to show the facts to be as found by the trial court, its findings will not be reviewed by this Court.   *Batson v. Laundry, supra* (209 N.C. 223).   But, in the present action it appears from the record that in addition to the evidence offered in the first action, additional documentary evidence was offered in the trial below.   This evidence was not only pertinent but necessary if the plaintiff is to show a common source of title.   Certain parts of this additional documentary evidence was also introduced for the purpose of attack.   The court below, in sustaining the plea of

*res judicata,* pointed out that additional evidence was offered in the present trial but held that since it was documentary and was available to the plaintiff at the other trial, it is "conclusively presumed to have been set up in said former action." We know of no rule of law or decision that holds that merely because pertinent evidence was available at the time of a former trial it is conclusively presumed to have been introduced at such trial. The court, it seems, erroneously applied to the introduction of evidence at the former trial, the well established principle that when a final judgment has been entered in an action, it is conclusive and operates as a bar to a subsequent action between the same parties as to matters which were adjudicated, or which were within the scope of the issue and might have been litigated in the former suit. *Gibbs v. Higgins,* 215 N.C. 201, 1 S.E. 2d 554; *Culbreth v. Britt Corp.,* 231 N.C. 76, 56 S.E. 2d 15.

On the second primary question set out above, we hold that the plaintiff's evidence was not sufficient under our decisions to show that the plaintiff and the defendant John Kelly are claiming title from a common source.

In the case of *Meeker v. Wheeler,* 236 N.C. 172, 72 S.E. 2d 214, this Court held that in attempting to show that the plaintiffs and defendant claimed title from a common source, the introduction of a trustee's deed to plaintiffs without introducing the deed of trust in which the power of sale was given, and under which the trustee purported to act, left a break in plaintiff's chain of title. In the instant case, neither the interlocutory judgment of foreclosure nor the final decree of confirmation of sale pursuant thereto, was introduced in the trial below. The failure to introduce such documents left a break in the defendants' chain of title. The action should have been nonsuited in the court below for the same reason the nonsuit was entered in the first action rather than dismissing it upon the plea of *res judicata.* However, since the action was dismissed, we will affirm the judgment to that extent only. But this does not preclude the institution of another action if the plaintiff is so advised. *Hampton v. Spinning Co., supra.*

In view of the conclusions we have reached, and the probability that another action will be instituted, we deem it advisable to pass upon the plaintiff's exception and assignment of error with respect to making Franklin County a party defendant, as well as his exception to the overruling of his demurrer *ore tenus* to certain pleadings set up in the original defendants' further answer and defense.

The deed from Franklin County to John Kelly, dated 7 February, 1949, is a deed of bargain and sale and not merely a quitclaim deed as was the case in *Turpin v. County of Jackson,* 225 N.C. 389, 35 S.E. 2d 180, or a direct purchase at a tax foreclosure sale as was the case in *Wilmington v. Merrick,* 234 N.C. 46, 65 S.E. 2d 373. Even so, we hold

that while Franklin County is not a necessary party to this action it is a proper one for the purpose of defending its title to the defendant John Kelly. But, we do not think the defendants, John Kelly and wife, are entitled to have their purported cross-action litigated in this ejectment suit. The adjudication of rights that may arise as between John Kelly and wife and Franklin County, in the event the latter's deed to John Kelly is declared invalid, is not essential to a complete determination of the matters in controversy between the plaintiff and the defendants, John Kelly and wife. *Moore v. Massengill,* 227 N.C. 244, 41 S.E. 2d 655, 170 A.L.R. 147; *Schnepp v. Richardson,* 222 N.C. 228, 22 S.E. 2d 555.

We now consider the plaintiff's demurrer to the further answer and defense of John Kelly and wife, in which they allege the plaintiff's deed is invalid by reason of the mental and physical condition of Sam Kelly, Jr., at the time the deed is purported to have been executed, and that it was obtained by the plaintiff through undue and improper influence and duress upon the said Sam Kelly, Jr. In our opinion, these defendants are without legal authority to assert such an attack. This right is vested exclusively in the heirs of Sam Kelly, Jr. (Sam Kelly, Jr., having died since the execution of said deed and, according to plaintiff's brief, these defendants are not his heirs), unless the personal representative of Sam Kelly, Jr., deceased, is required to sell real estate in order to create assets to pay the obligations of his estate. In this event, his personal representative would have the right to bring such an action. *Holt v. Holt,* 232 N.C. 497, 61 S.E. 2d 448; *Speed v. Perry,* 167 N.C. 122, 83 S.E. 176; 21 Am. Jur., Executors and Administrators, sections 908, 909, 1007, and 1013; 26 C.J.S., Descent and Distribution, section 85. Hence, the ruling of the court below on plaintiff's demurrer *ore tenus* is reversed. G.S. 1-141; *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384.

We will not consider or express an opinion at this time on plaintiff's contention that proper service by publication was not obtained on Sam Kelly, Jr., in the tax foreclosure proceeding pursuant to which the defendant John Kelly claims to have obtained title to the lands in question. Neither do we express an opinion as to the sufficiency of the description of the property in the tax foreclosure proceeding, but see *Com'rs. of Beaufort v. Rowland,* 220 N.C. 24, 16 S.E. 2d 401; *Johnston County v. Stewart,* 217 N.C. 334, 7 S.E. 2d 708; *Bissette v. Strickland,* 191 N.C. 260, 131 S.E. 655.

The judgment of the court below is

Modified and affirmed.