Tayxoe, Judge,
delivered the opinion of the Court:
So large a proportion of the contracts of the people of this State arises from the commerce in lands, that it is *345 of great Consequence to rentier all those rules which relate to contracts and warranties, explicit and intelligible i hence confidence -and security will be promoted, litiga* tion suppressed, and a greater degree of precision introduced into deeds, than it is now customary to employ. The necessity of this will be manifest from a very slight attention to the principles which relate to the subject. We are in this case called upon to decide, whether an action of covenant will lie upon the deficiency of five and a quarter acres stated in the first count of the declaration ? The deed is a bargain and sale, and contains no warranty, nor covenant to warrant; it must therefore be considered to have been the intention of the bargainor, and to have been so understood by the bargainee, that no warranty accompanied the sale. However equitable it may appear, on principle, that compensation should be made by the seller upon a deficient quantity, (and the Civil Law adopts that idea,) yet according to the established theory of the Common Law, no action can be sustained where the sale is free from the imputation of fraud. The word warrantixo,” says Littleton, p. 735, “ ma-keth the warranty, and is the cause of warranty, and no other word in our Laws.” If the seller in any case should conceal from the buyer, a fact or instrument which Would disclose a defect in the title, or neglect to inform him of an incumbrance to which it is subject, these and other similar cases of fraud, may be remedied by an action on the case, in the nature of an action of deceit: and in such cases the action may be maintained, not only where there is no warranty, but where the warranty does not reach the particular defect' — Coke Lilt, in Note's. Cases of fraud form an exception to many of the rules of the Common Law •, a strongly marked feature of which is to prevent the contrivers of dishonest attempts from being benefited by them, and to break down every barrier behind which covin seeks to entrench itself. The next enquiry is, Whether the deed contains any word» *346 from which.a warranty can be implied? And here it niight be.su|Ficicnt to say, that the deed is of that class wh¡ch. derive their principal efficacy from the statute of uscs . that it was. seldom resorted to before the statute ; and that it is only in the Common Law conveyances of feoffment, confirmation, release, Ac. that particular words imply a warranty. It may, however, be a more satisfactory ground of decision, to consider this case as if the action was brought upon a Common Law conveyance. We will therefore examine the doctrine upon this subject, as it is laid down by the most approved writers. The statute 44 D& Bigamisf ’ is laid down by Lord Coke, c. 6, to be declaratory of the Common Law in relation to this point. According to this statute, 44 in deeds wherein i§ contained 4 dedi and concessi’ without homage or without a clause of warranty, and to be holdeji of the givers and their heirs by certain services, it is agreed that the givers and their heirs shall be bound to warranty 5 and where is contained 4 dedi and concessi,’ See. to be holdcn of the chief lord of the fee, and not of the feoffors and their heirs, reserving no services, without homage or without the aforesaid clauses, their heirs shall not be bound to warranty, notwithstanding the feoffor, during his own life, by force of his own gift, shall be bound to warrant.” Thus'it appears by* this statute, that the word 44 dedi” hound the feoffor and his heirs to warranty, and the reason of it, according to Lord Coke, was, 44 That when 4 dedi’ is accompanied with a perdurable tenure of the feoffor and his heirs, then 4 dedi’ importeth a perdurable warranty, from the feoffor and his heirs to the feoffee and his heirs.” —2 Inst. 275.
The statute of quia emptores, afterwards abolished sub-infeudations, and consequently with them, the warranty, so far as it respected the heirs of the feoffor : because, as this was a consequence of tenure, it could not subsist without it. Thenceforward the implied warranty only bound the donor during his own life, and except in the *347 case of homage auncestrel, the heirs could not be bound without an express warranty. But there is no other word besides “ give,'’ which implies a warranty in the conveyance of fee simple estates — Coke Lit. 385 — consequently, neither the nature of the deed itself in the present case, nor the words contained in it, will permit us to imply a warranty. On the first count, therefore, the Defendant is entitled to judgment.
By the warranty, which is the foundation of the second count, it must be admitted that an obligation is created, which in England is enforced by a writ of war-rantia chartrn, or by voucher. The first has never been used in this State; the second is permitted only in real actions, which has never been resorted to.here. Unless then an action of covenant is sustained, the party who has an acknowledged legal right is without, remedy. The reason why an action of covenant lies not in England on a warranty is, that the party nas a higher and better remedy, which the law always compels a person to use. But even there, if that remedy cannot be afforded him, the law permits him to bring covenant; as if a term for years only be recovered out of an inheritance which has been warranted to him, as in this case, he could not vouch, for that is permitted only in real actions : nor could he bring a warrautia chartm, for that is where some person demands or claims the fee of him. Of necessity it gives a lesser remedy. This doctrine is exemplified in Yelverton’s Reports, 139, Pencombe v. Rudge, We therefore think that the action of covenant will lie ^ upon the warranty contained in the second count in the •"'declaration. ""
With respect to the plea relied upon, and which forms a part of the case, the Court are not aware of any principle upon which it can bo sustained. Had the suit been brought in tiic name of the Plaintiff’s vendee, there might h^ve been some ground for an objection; for as the breach ‘ was coeval with the covenant, the right to sue was a chose in action, the propriety of assigning which is at *348 ¡east questionable. But it is evident, that as the defendants were not seised of the twenty-three acres when they sold, nothing passed to the Plaintiff by the deed, and },e could convey nothing to R. B. Consequently, with, respect to the quantity in dispute, the plea fails in point of fact. We think the plea should be overruled, and the demurrer sustained. Let judgment be entered for the Plaintiff, . t
Haii, Judge,
contra. I agree with my brethren as to the first and third points made in this case; but disagree with them as to the second. My reasons for this disagreement are given at large in the next case of Powell v. Lyles, decided at this term.