Nash, J.
 

 As early as 1810, the Supreme Court decided that in a deed of bargain and sale, the words “ containing so many acres,” do not import a covenant of quantity. In the case of
 
 Ricketts
 
 v
 
 Dickins,
 
 1 Mur. 243, this principle was affirmed, and reiterated in the subsequent one of
 
 Lyles
 
 v
 
 Powell,
 
 anci recognized as sound law, in that of
 
 Williams
 
 v
 
 Lowe, 2
 
 Car. L. Repos. 267. In the first, the words of the deed are,
 
 “
 
 containing two hundred'and fifty acres,
 
 &c.,
 
 to have and to hold the said land and premises, and every part thereof, &c.” The operative words in the case of Powell are the same. Yet in such, it was decided there was no covenant of quantity, though upon surveys the number of acres fell short of that specified in the deed. In this case, the same description is contained. After describing the metes and bounds of the land, it continues, “ containing two hundred and twelve acres and a half.” The only difference between this case and the two first referred to, is, that in the latter there was no express covenant, whereas in this case there is. It is as follows: “ To have and to hold to him, the said Robert Huntly, his heirs and assigns, the right and title of the same, I warrant and will evei defend.” Does this covenant extend to, and cover the quantity of, land conveyed? His Honor, who tried the case, ruled that it did not; and we agree with him. The covenant is one for quiet enjoyment of all the land conveyed by the deed. No land was conveyed by the deed, but that which was contained within the specified metes and boundaries. It can be made to apply to the quantity mentioned, only by implication ; but there are in the sale of real estate, by deed, no implied warranties. If there had been more land within the lines than the quantity specified, they would certainly have passed. Would the bargainor, in such case, have been entitled to remuneration from the purchaser for the
 
 *34
 
 surplus ? Surely not, because he had sold all the land with* in the boundaries. If, in such a case as this, the purchaser wished to be protected in the number of acres mentioned, he ought to have taken a covenant to that effect, or he might, if he had chosen, have had the land surveyed before the contract was executed. He has done neither and must abide the consequence.
 

 Per Curiam. ' Judgment affirmed.