## L. H. DUFFY v. J. HENRY PHIPPS.

(Filed 10 November, 1920.)

**1. Contracts—Sale of Lands—Price Per Acre.**

Defendant's contract to sell about 204 acres of land known as a certain farm, adjoining named owners and others, at a certain price per acre, is a sale by the acre, and plaintiff is entitled to a rebate, or a return of the amount he has overpaid on account of less acreage than that specified in the contract.

**2. Same—Deeds and Conveyances—Merger—Pleadings—Demurrer.**

A contract for the sale of about 204 acres of land at a certain price per acre does not merge in a deed given for the tract specifying 197 acres, in assumed execution of the contract, and the plaintiff may recover of the defendant for the shortage of acres ascertained; and a demurrer to the complaint with these allegations is bad.

APPEAL by defendant from *Ray, J.,* at September Term, 1920, of GUILFORD.

The defendant entered into a written contract in November, 1919, as follows: "I agree to sell L. J. Duffy about 204 acres of land, known as the Buffalo farm, and adjoining the lands of Cicero Moore, C. D. Benbow, and Thomas Pemberton and others, at $100 per acre, and I acknowledge the payment of one hundred dollars as first payment on said lands, and in case the sale is not closed within 60 days then this $100 is forfeited and all agreements are null and void. I agree in case that L. J. Duffy completes this trade, to take $2,000 cash; $3,000 in six months; $5,000, 1 December, 1920; $5,000, 1 December, 1921; $5,000, 1 December, 1922—all notes bearing 6 per cent interest from date of deed, possession to be given by 1 January, 1920."

On 4 December, 1919, the defendant made a deed to the plaintiff reciting therein that he conveyed 197 acres, and stating that the tract contained that number of acres. The plaintiff paid cash and executed notes on that basis. On actual survey the tract was found to contain 156.565 acres, a shortage of 40.435 acres, and this action is brought to

recover cash or cancel notes for $4,043.50, for failure of consideration upon the ground that the lands were purchased by the acre and not as a tract.

The defendant demurred upon the ground that the complaint fails to state a cause of action because the contract had become merged in the deed, and further, because the contract was indivisible, and the plaintiff's remedy, if any, was to offer to return the land and recover the entire purchase money. The defendant appealed.

*Brooks, Hines & Kelly and Broadhurst & Cox for plaintiff.*
*Fentress & Jerome for defendant.*

CLARK, C. J. The defendant's contract to sell the plaintiff "about 204 acres of land, known as the Buffalo farm, and adjoining the lands of Cicero Moore, C. D. Benbow, Thomas Pemberton, and others, at $100 per acre" was a sale by the acre, and the plaintiff is entitled to a rebate, or a return, of the amount overpaid. *Henofer v. Realty Co.,* 178 N. C., 584.

The defendant contends that the contract was merged in the deed, and therefore the complaint does not state a cause of action. The deed representing that the acreage was 197 acres was the act of the defendant in *assumed* execution of the contract and the acceptance of it by the plaintiff does not estop him from showing a shortage in the acreage and from a recovery of the amount overpaid. *McGee v. Craven,* 106 N. C., 353; *Brown v. Hobbs,* 147 N. C., 77; *Kendricks v. Ins. Co.,* 124 N. C., 318.

The deed was made in pursuance of the contract, and the estimate in the contract, "about 204 acres," and the estimate in the deed, "197 acres," and the estimate in the contract of $20,000 are all subsidiary to the contract of sale "at $100 per acre." Whenever the true acreage was ascertained, whether it was more than the above estimates or less, the amount of the purchase money was to be ascertained by multiplying such acreage by $100. This is the basis of the contract. If it had turned out that the true acreage was more than this estimate, the plaintiff would have had to pay the increased amount. It proving to be less, the defendant must refund the overpayment.

Affirmed.