A. L. PATRICK v. W. C. WORTHINGTON AND WIFE, MARY WORTHING-
TON; T. R. WORTHINGTON AND WIFE, SUE WORTHINGTON, W. I.
BISSETT, ADMINISTRATOR OF W. W. DAWSON; AND CECIL COBB, AD-
MINISTRATOR OF G. T. GARDNER.

(Filed 14 October, 1931.)

**Vendor and Purchaser B b—Held grantee could recover for number of
acres tract conveyed failed to equal number stipulated in deed.**

Where an area comprising a number of acres of land is conveyed
by metes and bounds in a deed and sold at a fixed price per acre, the
bargain and sale is not in gross and where the vendee has paid the pur-
chase price for a greater number of acres than the number conveyed he
may recover the value of the shortage at the fixed price per acre.

APPEAL by plaintiff from *Grady, J.,* at February Term, 1931, of
LENOIR. No error.

*F. M. Wooten and Wallace & White for appellant.*
*Dawson & Jones and Whitaker & Allen for appellees.*
*Rouse & Rouse for W. I. Bissett, administrator.*

PER CURIAM. On 30 September, 1919, the plaintiff and his wife
executed an agreement or covenant to convey to W. W. Dawson and G. T.
Gardner, or to such persons as they should direct, a tract of land con-
taining 361 acres, in consideration of $72,200, of which $18,150 was
paid in cash and $54,150 was to be paid in ten equal installments.
Dawson and Gardner had the land subdivided and requested the plaintiff
to execute a deed for one of the subdivisions to W. C. Worthington and
T. R. Worthington in fee. On 9 October, 1919, the plaintiff and his wife
made this deed, reciting 240 acres as the quantity conveyed.

The plaintiff was to sell the land to Dawson and Gardner at $200 an acre, and they were to receive from the Worthingtons $250 an acre. The consideration for the 240-acre tract was $60,000. The purchasers (Worthingtons) paid $40,000 and executed to Dawson and Gardner ten notes for $2,000 each and a mortgage on the land to secure the payment. The notes were signed by W. C. Worthington, Mary Worthington, T. R. Worthington, and Sue Worthington, and were endorsed by Dawson and Gardner and transferred to the plaintiff.

The defendants contend that the plaintiff sold the land at $200 an acre, that there was a shortage of 3 1/16 acres, and that they are entitled to a rebate of $612.50 from the note in suit and to a judgment for $153.10 against the personal representatives of Dawson and Gardner.

The verdict established these facts: The Worthingtons signed the note and mortgage to Dawson and Gardner and they transferred the papers to the plaintiff; the plaintiff is not a holder in due course; the plaintiff bargained the land to Dawson and Gardner at the rate of $200 an acre and they bargained it to the Worthingtons at the rate of $250 an acre; there was a shortage of 3 1/16 acres; and the defense is not barred by the statute of limitations.

Upon these findings and the amount awarded in response to the last issue, it was adjudged that the plaintiff recover of all the defendants $2,000 with interest from 1 December, 1925, interest payable annually, less $612.50, with interest from 1 January, 1920, interest payable annually, and that the Worthingtons recover of the personal representatives of Dawson and Cobb $153.10 with interest from 1 January, 1920.

We have examined all the exceptions taken by the appellant and have found no error. The main controversy turned on the question whether the purchasers were entitled to relief for shortage in the number of acres conveyed. Evidence for the defendants tended to show that the sale was not in the gross but by the acre. In fact the plaintiff testified that he was to have $200 an acre for whatever the Phillips survey called for, and that it called for 361 acres. But the specific controversy related to the alleged shortage in the 240-acre tract, and the jury found from the evidence that this tract was bargained by the plaintiff at the price of $200 an acre. The distinction between a purchase in the gross and by the acre is pointed out in *Turner v. Vann,* 171 N. C., 127, and *Henofer v. Realty Co.,* 178 N. C., 584.

No error.