### J. H. MORGAN v. E. J. SPRUILL.

(Filed 12 October, 1938.)

**1. Appeal and Error § 40e—**

Upon appeal from judgment as of nonsuit the evidence will be considered in the light most favorable to plaintiff.

**2. Money Received § 1—Elements and essentials of cause of action to recover money paid under mistake of fact.**

An action to recover money paid under mistake of fact will lie only when money is paid under mistake of fact in the legal sense, which does not embrace complete ignorance of the facts or neglect to ascertain the facts after being put upon inquiry, but implies misinformation or unconscious forgetfulness or a wrong conclusion, and it must be made to appear further that the party receiving payment was thereby unjustly enriched and in equity and good conscience should repay the sum, and where money is paid voluntarily with knowledge of the facts, the party making the payment may not change his mind and recover it back.

**3. Money Received § 3—Evidence held insufficient to overrule nonsuit in this action to recover money paid under mistake of fact.**

The evidence tended to show that plaintiff's nephew was arrested on a charge of issuing worthless checks and that plaintiff paid the amount of the checks to secure his nephew's release, that the checks had been given defendant in payment of merchandise, that all but the first check had been given under agreement between defendant and plaintiff's nephew under which defendant agreed to hold the checks until payment could be made, that thereafter plaintiff's nephew executed a second mortgage on realty as additional security for the checks, and that plaintiff was told the mortgage had been given as security for the checks prior to the time plaintiff paid the checks, and that the realty was later foreclosed under a first lien and did not bring any surplus to be applied on defendant's mortgage. *Held:* The evidence is insufficient to be submitted to the jury in an action for money paid under mistake of fact, since even if it be conceded that the execution of the mortgage constituted a novation, and

discharged the checks, plaintiff paid the checks without investigation or ascertaining the facts, although he had been told by his nephew of the execution of the mortgage, and the evidence discloses that plaintiff, to secure his nephew's release, voluntarily paid the checks, one of which, at least, was issued in violation of the statute, and fails to show any duress or mistake of fact in the legal sense, and further fails to show that defendant, who had surrendered the checks and could not be placed *in statu quo*, had been unjustly enriched or that in equity and good conscience he should not be permitted to retain the money paid.

APPEAL by plaintiff from *Thompson, J.,* at April Term, 1938, of CHOWAN. Affirmed.

This is a civil action to recover $436.00 alleged to have been paid under mistake of fact.

The defendant was operating a fishery, selling his "catch" to dealers for wholesale and retail trade. Frank Jones, nephew of the plaintiff, was at the times alleged a wholesale and retail fish dealer. In the spring of 1937 Frank Jones contracted with the defendant for 100,000 herring and gave his check for $25.00 to confirm the bargain. This check was paid. Later he sent for and received 35,000 or 40,000 herring, giving his check in payment therefor. The payment of this check was refused by the bank on account of insufficient funds. Jones then saw the defendant and told him that he did not have the money with which to pay for the fish. The defendant advised him to send for the fish he had purchased and give his check therefor and he, the defendant, would hold same until paid. Under this arrangement Jones gave several checks, which were not honored by the bank.

Upon demand for payment Jones agreed to give a second mortgage on his home in Ahoskie as additional security. At the instruction of the defendant he procured a lawyer to prepare the papers. He signed them and the lawyer procured the recordation of the mortgage, but did not send the note and mortgage to the defendant, or advise him of its execution. The land embraced in the mortgage was foreclosed under a prior lien. After the payment of the first mortgage and accrued taxes there was no excess to be applied on defendant's debt.

Some time thereafter the defendant went to the home of Jones to obtain a settlement. Finding that Jones was no longer in Chowan County, but had gone to Norfolk, Va., the defendant procured the issuance of a warrant charging him with unlawfully issuing checks in violation of the statute.

Jones was arrested in Norfolk, Va., on information from the sheriff of Washington County and on order of a Norfolk magistrate. Thereupon, Jones wrote his uncle, the plaintiff, a note, telling him: "I am in jail over E. J. Spruill's checks. He had me locked up. Come and get me out if you will." The plaintiff, upon receipt of the note, went to the

office of the justice of the peace in Norfolk and paid him $436.00, the amount of the checks. He then visited Jones in jail but asked him nothing about the debt. The next day the money was paid to the sheriff of Washington County and Jones was released from custody.

Prior to the arrest of Jones he encountered difficulty about other obligations. The plaintiff settled these debts in the office of the sheriff of Hertford County. At that time the plaintiff asked Jones if there was anything else, to which Jones replied: "The Spruill checks, but they are being taken care of. Mr. Spruill has agreed to take a mortgage on my house and lot to secure him."

At the conclusion of plaintiff's evidence, on motion of the defendant, the action was dismissed by judgment of involuntary nonsuit. The plaintiff excepted and appealed.

*John F. White and W. D. Pruden for plaintiff, appellant.*
*Carl L. Bailey for defendant, appellee.*

BARNHILL, J. There is evidence in the record tending to show that the facts are not so favorable to the plaintiff as here stated. However, there was a judgment of nonsuit and we consider the evidence in the light most favorable to the plaintiff.

An action to recover money paid under a mistake of fact is an action in *assumpsit* and is permitted on the theory that by such payment the recipient has been unjustly enriched at the expense of the party making the payment and is liable for money had and received. It is well settled that money paid voluntarily with knowledge of the facts cannot be recovered back. If a man chooses to give away his money, or to take his chances whether he is giving it away or not, he cannot afterwards change his mind. 2 R. C. L., 784. Likewise, one who waives investigation and pays money after his attention has been called to the possibility of the existence of facts which might affect his decision to pay is not acting under a mistake of fact in the legal sense. He cannot carelessly settle, trusting to future investigation to show mistake of fact which will enable him to recover back the amount paid. If the payment is made by a mistake which arose from the fault or negligence of the party paying the money, and it cannot be recovered without prejudice to the party who has received it, the action will not lie. 64 Am. Dec., 631, note. The plaintiff must show more than ignorance of the fact which implies a total want of knowledge in reference to the subject matter. He must establish a mistake of fact which admits knowledge, but implies an unconscious forgetfulness or a wrong conclusion. Furthermore, to maintain the action it must be made to appear that the defendant had received or obtained possession of the money of the plaintiff to which he

9—214

is not justly entitled and which in equity and good conscience he ought to pay over to the plaintiff.

Measuring the plaintiff's evidence by these fundamental principles of law governing his cause of action, it appears that the judgment below must be affirmed.

In the argument here the plaintiff insists that the payment by the plaintiff was made under duress. As to this, we do not consider that there is sufficient allegation in the complaint to support the contention, and there is no sufficient evidence to sustain that theory of plaintiff's cause of action.

The plaintiff's allegation of mistake of fact is: "The plaintiff having been notified of the arrest and imprisonment of his nephew, and being ignorant of the fact that the said checks had been paid by the note and mortgage as aforesaid, and in order to obtain the release of his nephew, paid the said checks by paying the amount thereof into the hands of the magistrate, etc."

Accepting for the time being the plaintiff's contention that there had been a novation or payment of the debt evidenced by the checks by the execution of the note and mortgage, it appears from the record that Jones had advised the plaintiff that he had made some adjustment with Spruill ·under which the defendant was to accept a note and mortgage. Notwithstanding this fact the plaintiff went to Norfolk and made the payment to the magistrate without choosing to visit Jones and ascertain the true facts, or to make other investigation until after he had paid the money.

The record, however, does not sustain this contention. Jones testified: "It was agreed that he (Spruill) was going to take a second mortgage as security for the checks for what I owed him. He was still to hold the checks until it was all paid. . . . It was agreed that he would hold the checks until the mortgage was paid." The debt evidenced by the checks, on plaintiff's own evidence, was still outstanding and unsatisfied at the time plaintiff made the payment.

That the plaintiff voluntarily made the payment in order to procure the discharge of his nephew from arrest appears from his testimony as follows: "I voluntarily paid it as a loan to my nephew, Frank Jones, to be paid for the redemption of these checks. I paid it for Frank to get him out of jail. I did not have to pay it. His mother requested it."

The only reasonable conclusion to be drawn from this testimony and the other evidence offered by the plaintiff is that the plaintiff acted voluntarily and intentionally in complete ignorance of the facts as he contends them to be, and not through any mistake or misinformation as to the true facts or through any temporary forgetfulness thereof. The amount paid was due the defendant and he was justly entitled thereto.

The defendant has surrendered the checks, at least one of which apparently was issued in violation of statute, and he cannot be put *in statu quo*. Therefore, it cannot be said that in equity and good conscience the defendant should be required to return the money so received.

In our opinion, the evidence does not tend to show that the payment was made by the plaintiff under duress or by mistake of fact. In addition thereto, the plaintiff has failed to establish an essential element of his cause of action—that the defendant in equity and good conscience should not be permitted to retain the money paid.

Affirmed.