I. J. SPARROW v. JOHN MORRELL & COMPANY.

(Filed 19 April, 1939.)

1. **Money Received § 3—Allegations held sufficient to state cause of action for money received.**

Plaintiff's allegations were to the effect that defendant's agent represented that plaintiff owed a certain sum on an open account, when in fact no amount was due thereon, and that plaintiff paid said amount through fraud, inadvertence or mistake and that said amount in law and

good conscience should be refunded to him. *Held:* The allegations are sufficient to state a cause of action for the recovery of money paid under a mistake of fact, and defendant's motion of nonsuit is erroneously granted notwithstanding the absence of allegations sufficient to support a cause of action for fraud.

**2. Pleadings § 15—**

Demurrer to a complaint on the ground that it fails to state a cause of action should be overruled if the complaint liberally construed alleges facts sufficient to constitute a cause of action or if facts sufficient for the purpose can be gathered from it.

APPEAL by plaintiff from *Grady, J.,* at October Term, 1938, of LENOIR. Reversed.

*John G. Dawson and J. A. Jones for plaintiff, appellant.*
*Wallace & White and L. I. Rubin for defendant, appellee.*

SCHENCK, J. This is an action to recover money alleged to have been overpaid by plaintiff to defendant on a running account for merchandise sold and delivered.

The complaint alleges that the plaintiff, a merchant, "had a number of transactions with the defendant, through which transactions he purchased merchandise, chiefly meats, from the defendant, . . ." and "by said transactions of purchase and payments therefor, this plaintiff paid unto the defendant the sum of $2,925.74 in excess of the amount purchased from the defendant, and, therefore, in excess of the indebtedness of this plaintiff to the defendant," that defendant, through its agent, represented to the plaintiff that "said sum of $2,925.74 was due by the plaintiff to the defendant on account of goods and merchandise purchased by the plaintiff from the defendant, which said statements and representations . . . were false and inaccurate, and said statements . . . were either made through inadvertence and mistake on the part of the said defendant . . . or with the fraudulent design and purpose on the part of the said defendant to obtain from this plaintiff the said sum of $2,925.74 . . . when in truth and in fact the said amount was in excess of all amounts rightfully due to the defendant by the plaintiff . . . ; that said amount so paid either through fraud or mistake should in law and in good conscience be refunded to him by the said defendant and that the said defendant should not be permitted in law or equity to take advantage of either its fraud, mistake or inadvertence in the collecting and receiving from the plaintiff of funds to which it was not rightfully entitled;" and that demand has been made by plaintiff upon the defendant for the payment of "said sum so overpaid," which demand has been refused.

The defendant filed a demurrer to the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action, for that it did not set forth the facts constituting the fraud therein alleged. The court sustained the demurrer and entered judgment dismissing the action, from which judgment the plaintiff appealed, assigning error.

We are of opinion, and so hold, that his Honor erred in sustaining the demurrer, since the complaint alleges payments to the amount of $2,925.74 over all amounts due by the plaintiff to the defendant by reason of mistake of facts, namely, a mistake as to the amounts due when payments were made.

A payment made under a mistake of fact may be recovered. *Simms v. Vick,* 151 N. C., 78, and cases therein cited. ". . . it is clear that the money was paid and received in discharge of a debt then believed to subsist. In that there was a total mistake on the part of the person making the payment, and, probably, on that of the receiver also, and it is plain that the money thus got under a mistake, and for no consideration, cannot be kept *ex equo et bono." Pool v. Allen,* 29 N. C., .120. "An action to recover money paid under mistake of fact is an action in *assumpsit* and is permitted on the theory that by such payment the recipient has been unjustly enriched at the expense of the party making the payment and is liable for money had and received." *Morgan v. Spruill,* 214 N. C., 255.

If the complaint in any portion thereof or to any extent presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand, for, contrary to the common law rule, every reasonable intendment and presumption must be made in favor of the pleader. The complaint must be fatally defective before it will be rejected as insufficient. *Hoke v. Glenn,* 167 N. C., 594.

Reversed.