T. J. HARRINGTON AND D. B. HARRINGTON, PARTNERS TRADING AS HARRINGTON & HARRINGTON, v. H. W. LOWRIE, SR.

(Filed 31 May, 1939.)

1. **Money Received § 3—Complaint held sufficient to state cause of action for money received.**

   The complaint alleged in substance that plaintiff cotton broker paid for cotton by a cotton ticket showing the weight and number of bales and the amount due therefor, which ticket was paid by the bank under arrangement made by plaintiff with it, that defendant's tenant obtained a ticket for cotton sold which he took to the bank and had credited to defendant's account, that thereafter he obtained another ticket for the same cotton which plaintiff failed to mark "duplicate," which the tenant took to the bank for transmission to defendant in order to show the amount of cotton sold, and which through inadvertence the bank also credited to defendant and charged to plaintiff's account. *Held:* Defendant's demurrer to the complaint was properly overruled, since the facts alleged disclosed unjust enrichment of defendant at the expense of plaintiffs, and that in equity the money obtained on the second cotton ticket belonged to plaintiffs.

2. **Pleadings § 20—**

   Upon a demurrer to the complaint, the facts alleged must be taken as true.

APPEAL by defendant from *Bivens, J.,* at November Term, 1938, of ANSON. Affirmed.

*Robinson, Pruette & Caudle for plaintiffs.*
*B. M. Covington for defendant.*

DEVIN, J. This case comes to us upon appeal from a judgment over-ruling defendant's demurrer to the complaint. It is contended that facts sufficient to constitute a cause of action are not therein stated.

An examination of the complaint shows that the following material facts were alleged, upon which recovery from the defendant is sought. Plaintiffs are cotton buyers on the market in Ansonville. Their method of doing business was to give the seller of the cotton purchased a cotton ticket showing bale number, weight, price and total amount due, and by arrangement with the Bank of Anson this amount was paid to the seller by the bank and charged to plaintiffs' account. In accordance with this method plaintiffs purchased from a tenant on defendant's land eleven bales of cotton and plaintiffs' agent issued cotton ticket therefor in amount of $475.07, which was paid by the bank and charged to plaintiffs' account. The tenant retained for himself the price of one bale, $46.95, and had the bank credit the account of defendant with proceeds of ten bales, $428.12. Later on the same day the tenant requested from plaintiffs' agent a duplicate cotton ticket for the ten bales so that it might be sent the defendant for his information as to number and weight of the bales. This request was complied with, but plaintiffs' representative failed to mark the ticket "duplicate." The tenant took the second cotton ticket to the bank so that it might be sent to defendant for his information, but the bank by mistake and inad-vertence, and without the knowledge of plaintiffs, credited defendant's account again with $428.12, and charged same to plaintiffs' account. Before discovery of the error this money was paid to the defendant by the bank, with exception of $75.00, which was later credited to plain-tiffs, leaving $353.12 as the amount which it is alleged has been by mistake paid out of plaintiffs' fund to the unjust enrichment of the defendant. The defendant refuses to return the money.

We think the demurrer was properly overruled. Stripped of imma-terial details, the bare fact stands out that by an inadvertence on the part of the bank a sum of money has been taken from the plaintiffs and put into the pockets of the defendant, money which justly belongs to the plaintiffs and to which the defendant is in no way entitled. The money does not belong to the defendant but does belong to the plaintiffs. De-fendant's refusal to correct the error and return the money reveals him in an inequitable position.

By answer the defendant may be able to avoid the implication based on the facts alleged in the complaint and may throw a different light on the transaction, but on demurrer the facts alleged are taken to be true.

In *Bahnsen v. Clemmons,* 79 N. C., 556, where money was twice paid for the same services, it was said: "It is as inequitable for the one to

receive and retain the double payment as it is wrong that the other who has twice paid his money should lose it and be without remedy," and the following language was quoted from 2 Greenleaf on Evidence, sec. 104: "When the defendant is proved to have in his hands the money of the plaintiff, which *ex equo et bono* he ought to refund, the law conclusively presumes that he has promised so to do."

In *Wilson v. Lee,* 211 N. C., 434, 190 S. E., 742, *Connor, J.,* writing the opinion for the Court, quoted with approval from 41 C. J., 28, 42, as follows: "The action may, in general, be maintained whenever the defendant has money in his hands which belongs to the plaintiff, and which in equity and good conscience he ought to pay to the plaintiff . . . The plaintiff is entitled to recover when it appears that the money in question belongs to the plaintiff and was secured by the defendant without the consent of the plaintiff, or if with his consent, without consideration."

In the latest case on the subject, *Sparrow v. Morrell, ante,* 452, *Schenck, J.,* quotes this language from *Morgan v. Spruill,* 214 N. C., 255: "An action to recover money paid under mistake of fact is an action in *assumpsit* and is permitted on the theory that by such payment the recipient has been unjustly enriched at the expense of the party making the payment and is liable for money had and received." See also *Simms v. Vick,* 151 N. C., 78, 65 S. E., 621; *Pool v. Allen,* 29 N. C., 120.

The exception to the ruling of the court below in allowing, in its discretion, motion of the Bank of Anson to become party plaintiff is without merit.

Judgment affirmed.