R. F. CROTTS AND G. L. CROTTS v. J. B. THOMAS AND WIFE, MRS. J. B. THOMAS.

(Filed 22 May, 1946.)

**1. Seals § 4—**

Instruments under seal require no consideration to support them.

**2. Vendor and Purchaser § 5a—**

An option in a lease, which gives the lessee the right to purchase the leased premises at any time before the expiration of the lease, is a continuing offer to sell on the terms set forth in the option, and may not be withdrawn by the lessor within the time limited.

**3. Vendor and Purchaser § 3—**

The lease is a sufficient consideration to support specific performance of the option to purchase granted therein.

**4. Vendor and Purchaser § 19a—**

Where the purchaser is ready, able and willing to pay the price stipulated, and notifies the vendor of his election to exercise the option, the vendor is under duty to prepare and tender good and sufficient deed, and the purchaser is not required to tender the purchase price before delivery of the deed.

**5. Vendor and Purchaser § 8—**

The option in suit described the *locus in quo* by metes and bounds, containing "30 acres more or less," and provided for the payment of a stipulated price per acre. *Held:* The description was sufficiently definite, since in the event of any real controversy as to the acreage contained therein the maxim *id certum est quod certum reddi potest* applies, and upon tender by the purchaser of the purchase price for 30 acres plus a sum to take care of any overage, the vendor's contention that the acceptance was not in accord with the offer is untenable.

13—226

**6. Vendor and Purchaser § 7—**

Where an option obligates the vendor to sell at a price to be agreed upon but not to exceed a stated sum, such sum may be accepted by the optionee as the purchase price without further negotiation.

APPEAL by plaintiffs from *Armstrong, J.,* at February Term, 1946, of STANLY.

This is an action for specific performance.

On 8 August, 1935, J. B. Thomas, who was then unmarried, leased to the plaintiffs for a period of ten years, beginning 1 January, 1936, for an annual rental of $200.00, a tract of land described by metes and bounds, situate in Stanly County near the City of Albemarle, containing 30 acres more or less. The lease provided for the rent to be payable $100.00 on or before 1 July, 1936, and $100.00 on or before the first days of January and July of each year thereafter, during the term of the lease. The rent has been paid through 1 July, 1945.

The plaintiffs leased the property for the purpose of establishing and maintaining a golf course thereon. A golf course was laid out and used as such until about two years ago; when, on account of the war, it was discontinued temporarily.

The lease contained an option in the following language: "It is understood and agreed and the said J. B. Thomas, party of the first part, does hereby specifically agree that at any time after the signing of this indenture, during the term of this lease, that he will sell and convey by a good and sufficient deed the lands herein described to the parties of the second part, their heirs and assigns, at a price to be agreed upon, which price in no event shall be more than at the rate of $150.00 per acre for said land and to the performance of this agreement, the said J. B. Thomas, party of the first part does hereby bind himself, his heirs, executors and administrators."

The lease was executed under seal, duly acknowledged and recorded in the office of the Register of Deeds for Stanly County on 12 August, 1935.

In April, 1945, the plaintiffs notified the defendants of their intention to exercise the option to purchase the property and on 7 July, 1945, the plaintiffs tendered $4,500.00 to the defendants as the purchase price of 30 acres and an additional $750.00, to cover any excess in the acreage which might be determined by a survey. The defendants have at all times refused to convey the property to the plaintiffs.

At the close of plaintiffs' evidence, the defendants moved for judgment as of nonsuit. The motion was granted, and the plaintiffs appeal to the Supreme Court, assigning error.

*W. L. Mann, Helms & Mulliss, and Brown & Mauney for plaintiffs.*
*Morton & Williams and R. L. Smith & Son for defendants.*

DENNY, J. The plaintiffs challenge the correctness of his Honor's ruling in sustaining the defendants' motion for judgment as of nonsuit.

The defendants contend the judgment below should be sustained for the following reasons: (1) The option was not supported by a consideration; (2) the offer was withdrawn; (3) acceptance was not in accord with offer; and (4) the option is too indefinite as to the sale price, to be enforceable.

It is the law in this jurisdiction that instruments under seal require no consideration to support them. *Thomason v. Bescher,* 176 N. C., 622, 97 S. E., 654; *Samonds v. Cloninger,* 189 N. C., 610, 127 S. E., 706; *Basketeria Stores, Inc., v. Indemnity Co.,* 204 N. C., 537, 168 S. E., 822; *Coleman v. Whisnant, ante,* 258, 37 S. E. (2d), 693. "At common law a promise under seal, but without any consideration, is binding because no consideration is required in such a case, or, as is sometimes said, because the seal imports, or gives rise to a presumption of consideration. It has been said that the solemnity of a sealed instrument imports consideration or, to speak more accurately, estops a covenantor from denying a consideration except for fraud." 12 Am. Jur., 567, citing many authorities, among them, *Thomason v. Bescher, supra;* 2 A. L. R., 626; *Kaplan v. Suher,* 254 Mass., 180, 150 N. E., 9, 42 A. L. R., 1142; and *Storm v. U. S.,* 94 U. S., 76, 24 L. Ed., 42.

In April, 1945, the plaintiffs informed the defendants of their intention to exercise the option contained in the lease. The defendant, J. B. Thomas, at that time, informed the plaintiffs that he did not want to sell and that he would not make a deed for the *locus in quo.*

An option in a lease, which gives the lessee the right to purchase the leased premises at any time before the expiration of the lease, is a continuing offer to sell on the terms set forth in the option, and may not be withdrawn by the lessor within the time limited. The lease is a sufficient consideration to support specific performance of the option of purchase granted therein. *Pearson v. Millard,* 150 N. C., 303, 63 S. E., 1053; *Thomason v. Bescher, supra; Willard v. Taylor,* 75 U. S., 557, 19 L. Ed., 501, 49 Am. Jur., 141, sec. 120. Moreover, the real consideration in an agreement to convey land is the contract price. *Ward v. Albertson,* 165 N. C., 218, 81 S. E., 168.

The third contention of the defendants is to the effect that since the *locus in quo* was described by metes and bounds as containing 30 acres more or less, the tender of $4,500.00 for 30 acres and $750.00 to cover any excess in the acreage which might be determined by a survey, the acceptance was not in accord with the terms of the option. There is no

merit in this contention. The plaintiffs were not required to make tender. The defendants stated in open court for the record, at the trial below, as well as in their answer which was introduced in evidence, that they have at all times refused to execute a deed to the plaintiffs in response to their notice and demand for such deed. *Phelps v. Davenport,* 151 N. C., 22, 65 S. E., 459; *Gallimore v. Grubb,* 156 N. C., 575, 72 S. E., 628; *Gaylord v. McCoy,* 161 N. C., 686, 77 S. E., 959; *Cunningham v. Long,* 186 N. C., 526, 120 S. E., 81. Therefore, when the plaintiffs notified the defendant, J. B. Thomas, of their election to purchase the property at $150.00 per acre, if the plaintiffs were ready, able and willing to pay that sum for the property, it was the duty of the defendants to prepare and tender a good and sufficient deed for the correct acreage contained within the boundaries set forth in the option. *Phelps v. Davenport, supra; Henofer v. Realty Co.,* 178 N. C., 584, 101 S. E., 265; 153 A. L. R., 13 N; *Duffy v. Phipps,* 180 N. C., 313, 104 S. E., 655; *Patrick v. Worthington,* 201 N. C., 483, 160 S. E., 483, and since the *locus in quo* is described by metes and bounds if there is any real controversy as to the acreage contained therein, the maxim *id certum est quod certum reddi potest* applies. *Peel v. Calais,* 223 N. C., 368, 26 S. E. (2d), 916.

The fourth contention of the defendants that no price has been agreed upon, is likewise without merit. The defendant, J. B. Thomas, who at the time of the execution of the lease and option was unmarried, bound himself, his heirs, executors and administrators, to convey the *locus in quo* to the plaintiffs at any time during the term of the lease, "at a price to be agreed upon, which price in no event shall be more than at the rate of $150.00 per acre for said land."

In an option to purchase at a price to be agreed upon, but not to exceed a stated sum, such sum may be accepted by the optionee as the purchase price without further negotiations. 49 Am. Jur., 41, 117 A. L. R., 1097 Anno.; *Wright v. Kaynor,* 150 Mich., 7, 113 N. W., 779; *Kastens v. Ruland,* 94 N. J. Eq., 451, 120 A., 21; *Heyward v. Willmarth,* 87 App. Div., 125, 84 N. Y. S., 75; *Hunter v. Farrell,* 42 N. B., 323, 14 D. L. R., 556; *Condon v. Arizona Housing Corp.* (Ariz.) (25 June, 1945), 160 Pac. (2d), 342.

For the reasons herein stated, the ruling of the court below in sustaining the defendants' motion for judgment as of nonsuit, is

Reversed.