JAMES N. QUEEN AND WIFE, OLETA QUEEN, v. MARY SISK.

(Filed 14 October, 1953.)

**1. Specific Performance § 1: Reformation of Instruments § 3—**

Where the contract between the parties is for the sale of a certain number of acres out of a tract of land, and the deed conveys a number of acres less than that agreed upon, the purchaser is not entitled to compel conveyance of additional acres out of the tract to make up the deficiency, or to reformation of the deed, since the identity of the additional land is too uncertain to support specific performance or reformation.

**2. Vendor and Purchaser § 26—**

Where a specific tract of land is purchased in gross for a lump sum or stipulated amount the doctrine of *caveat emptor* applies in regard to the acreage in the absence of actual fraud or gross deficiency, and a clause in the deed specifying the number of acres will be considered simply as a part of the description controlled by the definite boundaries, monuments or courses and distances contained therein.

**3. Same—**

Where the contract for the sale of land is for an agreed number of acres at a stipulated price per acre, so that the purchase price can be ascertained only by multiplying the number of acres by the agreed price per acre, quantity is of the essence, and where there is a deficiency in the quantity actually conveyed, the purchaser may recover the value of the deficiency at the agreed price per acre, as in *assumpsit* for money had and received, under the doctrine of unjust enrichment, irrespective of fraud.

**4. Equity § 3—**

Laches is an affirmative defense which must be pleaded and may not be taken advantage of by demurrer.

APPEAL by plaintiffs from *Sink, J.,* May Term, 1953, RUTHERFORD. Reversed.

Civil action to recover excess amount paid for land purchased on a per-acre basis.

Plaintiffs filed a complaint in which they alleged they purchased 23.1 acres of land from defendant at the price of $108.17 per acre. There were other allegations not material here. Defendant demurred. Thereupon plaintiffs, by leave of court, filed an amended complaint which is in effect a substitute complaint.

The allegations in the substitute complaint material to decision on this appeal are in substance as follows: On 5 October 1945, the defendant owned 45.24 acres of land in Rutherford County; the defendant agreed to sell and plaintiffs agreed to buy 23.1 acres thereof to be surveyed and cut off from the larger tract; the land was purchased on an acreage basis at $100 per acre; the defendant had the land surveyed and submitted to plaintiffs a plat or map showing that the land to be conveyed contained 23.1 acres; a deed was executed in which the description followed the calls and distances shown on the map and called for 23.1 acres; upon delivery of said deed, plaintiffs paid defendant the agreed purchase price figured at $100 per acre. A more recent survey discloses that the land actually conveyed contains only 13.7 acres and that by reason of the shortage in the agreed acreage, plaintiffs erroneously and by mistake of fact paid defendant an excess of $1,016.80. They pray judgment that defendant be required to cut off from the remaining land and convey to them sufficient additional land to make up the shortage or "if for any reason the defendant does not own sufficient land to permit complete reformation of the aforesaid deed that the plaintiffs recover of the defendant the sum of $1016.80 with interest . . ."

The defendant again appeared and demurred for that (1) the complaint fails to state a cause of action in that it is not alleged defendant knew the correct number of acres or practiced any fraud, (2) the complaint does not allege a breach of warranty, and (3) the doctrine of *caveat emptor* applies, and (4) plaintiffs have been guilty of laches in waiting six years after they received their deed before instituting action.

The demurrer was sustained and plaintiffs appealed.

*Charles C. Dalton and J. S. Dockery for plaintiff appellants.*
*M. Leonard Lowe for defendant appellee.*

BARNHILL, J. The specific land to be conveyed other than that which was actually described in the deed executed by defendant and delivered to plaintiffs is entirely too uncertain to entitle plaintiffs to a decree of reformation or specific performance. They are relegated to their right, if any, to recover the amount erroneously paid defendant at the time the deed was delivered.

What are the rights of a purchaser of real property when it is discovered that his deed does not convey the number of acres recited in the description contained in his deed? On this question there are two distinct lines of decisions. Defendant relies on one line, plaintiffs on the other.

There is no conflict of decision. The distinction is factual. The courts merely apply one principle of law to one state of facts and a different principle to another and clearly distinguishable factual situation. Which line controls decision on this appeal? That is the real question presented.

Where a specific tract of land is purchased in gross for a lump sum or stipulated amount, the doctrine of *caveat emptor* applies. *Foy v. Haughton,* 85 N.C. 168; *Peacock v. Barnes,* 139 N.C. 196; *Rickets v. Dickens,* 5 N.C. 343; *Zimmerman v. Lynch,* 130 N.C. 61; *Guy v. Bank,* 205 N.C. 357, 171 S.E. 341; *Turpin v. Jackson County,* 225 N.C. 389, 35 S.E. 2d 180.

When the description of the land conveyed contains a clause specifying the number of acres conveyed, this clause is considered simply as a part of the description. If the acreage actually conveyed is either more or less than the recited acreage, and the land the grantors intended to convey and the grantees intended to purchase is capable of being ascertained from the definite boundaries, monuments or courses and distances contained in the description, the clause reciting the number of acres in the tract will be rejected. Devlin, Law of Real Property (Deeds), Vol. 2, 3rd Ed., p. 2027.

"Where the land is sold in bulk for a lump sum, then quantity is not generally of the essence of the contract and the parties take the risk of deficiency or excess, except in cases where there is actual fraud" or gross deficiency. 8 Thompson, Real Property, Perm. Ed., sec. 4580; *Guy v. Bank, supra; Turner v. Vann,* 171 N.C. 127, 87 S.E. 985; *Smith v. Grizzard,* 259 S.W. 537; *Ross v. Brewer,* 251 S.W. 307.

If the purchaser desires to protect himself in respect to the quantity of the land conveyed, he must either (1) calculate the acreage by the definite boundaries, courses and distances contained in the description, or (2) have the land surveyed, or (3) require proper covenants in his deed for his protection. *Smathers v. Gilmer,* 126 N.C. 757; *Huntley v. Waddell,* 34 N.C. 32; *Foy v. Haughton, supra; Guy v. Bank, supra.*

Conversely, when the contract of purchase and sale is for an agreed number of acres at a stipulated price per acre and the purchase price can only be ascertained by multiplying the number of acres purchased by the agreed price per acre, quantity is of the essence of the contract. *Patrick v. Worthington,* 201 N.C. 483, 160 S.E. 483; Anno. 153 A.L.R. 4.

When a sale is consummated upon an acreage basis and there is a deficiency in the quantity actually conveyed, a court of equity will abate the

value of the deficiency at the agreed price per acre. *Duffy v. Phipps,* 180 N.C. 313, 104 S.E. 655; *Patrick v. Worthington, supra;* 8 Thompson, Perm. Ed., sec. 4580; Devlin, Law of Real Property (Deeds), Vol. 2, 3rd Ed., 2029; Anno. 153 A.L.R. 34.

Where the purchase and sale is upon an acreage basis and the purchaser sues to recover on account of an alleged deficiency in the acreage and a consequent overpayment, he is not required to allege or prove fraud. The action to recover the excess payment is an action in *assumpsit* for money had and received to the use of the plaintiff, under the doctrine of unjust enrichment. *Sparrow v. Morrell,* 215 N.C. 452, 2 S.E. 2d 365; *Morgan v. Spruill,* 214 N.C. 255, 199 S.E. 17; *Simms v. Vick,* 151 N.C. 78, 65 S.E. 621.

Laches is an affirmative defense which must be pleaded. It may not be taken advantage of by demurrer.

Plaintiffs sue to recover an alleged overpayment made in the consummation of a contract of purchase and sale of real property upon an acreage basis. The line of decisions relied on by them is controlling and they have sufficiently stated a cause of action in *assumpsit.* Hence the judgment entered in the court below must be

Reversed.