INTERNATIONAL SPEEDWAYS, INC., PLAINTIFF, v. L. G. AMAN AND WIFE, BERNICE H. AMAN, DEFENDANTS.

(Filed 15 May 1968.)

**1. Vendor and Purchaser § 2—**

An option in a lease giving the lessee the right to purchase the leased premises at any time before the expiration of the lease is a continuing offer to sell on the terms set forth in the option and may not be withdrawn by the lessor within the time limited.

**2. Vendor and Purchaser § 1—**

The lease is a sufficient consideration to support specific performance of an option of purchase granted therein.

**3. Vendor and Purchaser § 2—**

Where the terms of an option do not require payment of any part of the purchase price before the option is exercised but require merely that notice be given of the election to exercise the option, tender of the purchase price is not a prerequisite to the exercise of the option.

THIS is an appeal from *Bundy, J.*, at the 18 March 1967 Session of ONSLOW Superior Court. The plaintiff instituted this action for specific performance to enforce an agreement pertaining to the purchase of real estate and for damages for failure to convey the property. After a jury had been selected and empaneled, the defendant filed a demurrer *ore tenus* to the complaint on the ground that it failed to state a cause of action. The trial court sustained the demurrer and dismissed the action and entered judgment accordingly. The plaintiff appealed to this Court.

The plaintiff in the complaint alleges that it and the defendants entered into a written lease agreement on 19 June 1964 whereby the plaintiff leased for a period of two years, commencing 19 June 1964 and ending 18 June 1966, certain property therein described situate in White Oak Township, Onslow County, North Carolina, and estimated to contain 60 acres, more or less. A copy of the lease agreement was attached to the complaint as an exhibit. The plaintiff further alleged that pursuant to the lease agreement it had paid the agreed rental for the two years at the time of the execution and delivery of the lease agreement.

Paragraphs seven and eight of the complaint are as follows:

"7. That prior to the expiration of the two (2) year term provided for in said Lease Agreement, the plaintiff elected to exercise the option granted to it by paragraph 8 of the Lease Agreement and on June 17, 1966, notified the defendants in writing of its election to exercise said option and requested the defendants to advise the plaintiff immediately of the date which would be

agreeable to make the survey; that a true and exact copy of the written notice delivered to the defendants is attached hereto and made a part of this Complaint by reference as if fully set out herein.

"8. That on the date of the aforesaid written notice to the defendants, to-wit on June 17, 1966, and at all times thereafter to and including the present time, the plaintiff was ready, willing and able to pay the costs of the survey contemplated by the Lease Agreement and the balance of the purchase price of the land covered by said option; that although demand has been made upon the defendants to honor the option provision of the Lease Agreement, the defendants have failed and refused to do so, and plaintiff is entitled to specific performance of the same, and is further entitled to have the Court order the said defendants to carry out the terms of said Lease Agreement."

There were other allegations for damages together with punitive damages. Since those allegations are not material to this decision, no further reference will be made to them.

The decision in this case is controlled by paragraphs seven and eight of the complaint set out above and paragraph eight of the lease agreement, together with the letter of 17 June 1966.

Paragraph eight of the lease agreement reads as follows:

"8. The Lessee shall have and is hereby given the right and option to purchase the leased premises at any time within the original two (2) year term of this Lease for the price of Three Hundred Seventy-Five ($375.00) Dollars per acre, the acreage to be determined according to survey to be made at the expense of the Lessee. In the event the Lessee elects to exercise this option it shall give to the Lessors notice in writing of its election and shall pay to the Lessors, upon completion of said survey, the sum of Three Hundred Seventy-Five ($375.00) Dollars per acre in cash, and the Lessors shall convey the premises to the Lessee by good and sufficient warranty Deed, free and clear of all encumbrances, provided, however, that the Lessee shall be credited with Two Thousand ($2,000.00) Dollars against the amount payable to the Lessors, that is, the agreed value of the stock being transferred to the Lessors by the Lessee, to-wit, Two Thousand ($2,000.00) Dollars, as the lease rental for the original two (2) year term, shall be credited towards the purchase price in the event the Lessee exercises its option to purchase. Should the Lessee exercise its option to purchase the leased premises the Lessor shall remove all buildings from the premises at the re-

quest of the Lessee, except the concession stand, which shall be the property of the Lessee."

The letter of 17 June 1966 reads as follows:

"INTERNATIONAL SPEEDWAYS, INC.
200 Randolph Road
Charlotte, North Carolina

"June 17, 1966

"Mr. and Mrs. L. G. Aman
Grants Creek Road
Route 2, Box 555
Jacksonville, North Carolina

Dear Mr. and Mrs. Aman:

In accordance with the provisions of paragraph 8 of the Lease Agreement entered into with you under date of June 19, 1964, International Speedways, Inc., has elected to exercise its option to purchase the property covered by and described in said Lease Agreement.

We are prepared to survey the property immediately and to pay you the sum of Three Hundred Seventy-Five and No/100 ($375.00) Dollars per acre in cash upon delivery of a good and sufficient Warranty Deed, warranting the property to be free and clear of all incumbrances, less the Two Thousand and No/100 ($2,000.00) Dollars in stock which has been issued to you by the Corporation.

Please advise us immediately of the date which will be agreeable with you to make the above mentioned survey and we will meet you on the premises or such other place you prefer to begin the survey.

Very truly yours,
INTERNATIONAL SPEEDWAYS, INC.
By: /s/ E. L. Harris
E. L. Harris, President"

The defendants assert that the written notice as contained in the letter of 17 June 1966 did not meet the requirements imposed upon the plaintiff in order to enable the plaintiff to exercise the option.

*Venters and Dotson by Carl V. Venters for plaintiff appellant.*
*Ellis, Hooper, Warlick and Waters by Albert J. Ellis for defendant appellees.*

CAMPBELL, J. "An option in a lease, which gives the lessee the right to purchase the leased premises at any time before the expira-

tion of the lease, is a continuing offer to sell on the terms set forth in the option, and may not be withdrawn by the lessor within the time limited. The lease is a sufficient consideration to support specific performance of the option of purchase granted therein. * * * Moreover, the real consideration in an agreement to convey land is the contract price." *Crotts v. Thomas*, 226 N.C. 385, 38 S.E. 2d 158.

The defendants assert: "To comply with the requirements of the option agreement, it was incumbent upon the plaintiff to have a survey made and to tender or pay to the defendants the agreed purchase price per acre as set out in the agreement before the defendants became obligated to convey the *locus in quo*."

The option as contained in the lease agreement in the instant case did not impose this requirement upon the plaintiff. There was no requirement for the survey to be made prior to exercising the option. The lease agreement specifically provided that: "at any time within the original two (2) year term of this lease" the option could be exercised and "in the event the Lessee elects to exercise this option it shall give to the Lessors notice in writing of its election." There was no provision for payment or tender of payment until the survey had been completed. It was not incumbent upon the lessee to have a survey made until the option had been exercised. When the plaintiff notified the defendants in writing by the letter of 17 June 1966, it was prior to the termination of the two year term and constituted a valid exercise of the option as contained in the lease agreement. Having exercised the option by accepting the offer of sale on the terms set forth in the agreement, the plaintiff was under no obligation to tender the purchase price until the completion of the survey.

Where the terms of the option do not require payment of the purchase price or any part thereof before it is exercised, no tender must be shown. The terms of the option may require merely that notice be given of the exercise thereof and may be such as not to require the payment of the purchase money in order to exercise the option. This was the case here.

This case is controlled by the reasoning in *Kottler v. Martin*, 241 N.C. 369, 85 S.E. 2d 314.

For the reasons herein stated, the ruling of the trial court in sustaining the demurrer *ore tenus* is

Reversed.

BROCK and PARKER, JJ., concur.